(16 Misc. Rep. 19.)

## DAVIS v. BONN.

(Supreme Court, Appellate Term, First Department. February 26, 1896.)

CONTRACT—BREACH.

Defendant entered into a contract with plaintiff labor union by which he agreed to employ only members of the union, and it agreed to furnish defendant on demand with workmen who were members. Afterwards defendant dismissed a workman, whereupon plaintiff withdrew all in defendant's employ, and refused to allow them to return, unless defendant would take back the one whom he had discharged. Defendant then employed workmen who were not members of the union. *Held*, that there was no breach of the contract by defendant, since plaintiff first broke it by withdrawing defendant's employés.

Appeal from city court of New York, general term.

Action by Solomon Davis, as treasurer of the United Brotherhood of Tailors, against Michael Bonn, for breach of bond for faithful performance of a contract.    From an order of the city court (34 N. Y. Supp. 465) reversing a judgment on a verdict directed for him, and ordering a new trial, plaintiff appeals.    Affirmed.

Argued before DALY, P. J., and McADAM and BISCHOFF, JJ.

Fromme Bros., for appellant.

Jacob Manheim, for respondent.

DALY, P. J.    The agreement between the defendant, a contracting tailor, and the United Brotherhood of Tailors, provided that the former would employ none but members of the brotherhood in good standing, and that the brotherhood should furnish him upon demand a sufficient number of workingmen, members of the corporation. The other provisions related to hours of labor and pay, the reinstatement of members who were employés before the date of the contract, and the furnishing by the defendant of a bond in $400 for the faithful performance of his contract, and providing that in case of a breach thereof that sum was to be forfeited to the corporation as fixed and liquidated damages.    A little over a month after the contract was made, the defendant discharged one of his employés, named Greenberg, a presser, a member of the brotherhood, for not doing his work properly, as alleged.    Greenberg thereupon tried to induce the other workmen to strike, but was unsuccessful, and left.    The same day, the walking delegate of the brotherhood arrived, and inquired into the trouble, and then called away all the employés from the shop to a meeting, to ascertain the facts, promising to return them in half an hour.    A few hours later, a committee from the brotherhood waited upon defendant, and offered to send back all the hands if defendant would take back Greenberg, and keep·him until Friday.    This was

declined. Defendant offered to pay a week's wages to Greenberg if the union would send another presser, but that was refused; and plaintiff declined to permit the other men to return because defendant refused to re-employ Greenberg. Defendant subsequently employed *other workmen, not members of the union, and action was thereupon commenced upon the bond.*

It appears that, while the defendant did employ persons who were not of the brotherhood, it was only after the latter had ·withdrawn their members from his shop, upon his discharging Greenberg, and had refused to permit them to return unless he would take Greenberg back. The breach of the contract was on the part of the brotherhood in withdrawing their men. Nothing in the agreement confered that power. When Greenberg was discharged, the defendant was bound to ask the union for a presser if he desired to have one. Whether the union would be justified in insisting then upon his taking back Greenberg, and refusing to substitute another in his place, is a question with which we have now nothing to do, for the union did not wait for his action in that regard, but withdrew all the employés whom he was willing to retain. At the time they were withdrawn, the defendant had committed no breach of his contract, for he had not then employed any one who was not a member of the brotherhood. He had not agreed that he would retain all who were sent and discharge none. He had agreed to employ none but members; and this agreement was not broken by the discharge of a member. The withdrawal of the men by the union, on the other hand, was a direct violation of their agreement to furnish all the men he required. Having first broken the agreement, they could not hold the defendant to it. It was terminated, and he was at liberty to employ other workmen without liability upon his bond, which fell with the contract.

Judgment affirmed, and judgment absolute ordered on the stipulation, with costs. All concur.