THE PEOPLE OF THE STATE OF NEW YORK ex rel. GERALD JOHNSON, Relator, against WALTER B. MARTIN, as Warden of Attica State Prison, Defendant.

County Court, Wyoming County, February 13, 1953.

*Gerald Johnson*, relator in person.

*Nathaniel L. Goldstein, Attorney-General (Frederick T. Devlin* of counsel), for defendant.

CONABLE, J. This relator pleaded guilty of the crime of burglary in the third degree at a term of the County Court of Yates County. On November 27, 1947, that court sentenced the relator as follows: " Whereupon it is Ordered and Adjudged by the Court, that the said Gerald Rufus Johnson for the (felony), be committed to the Reception Center of the Department of Correction at Elmira, New York, for classification and confinement pursuant to Article 3-A of the Correction Law."

The sentence here imposed was entirely proper although the court could have specified the time for which the relator would be held. (See Correction Law, §§ 60, 61; and Penal Law, §§ 407, 2189.)

Where the court does not fix the duration of the sentence under *article 3-A of the Correction Law* the prisoner's confinement shall be governed by the laws applicable to the institution to which he is certified for confinement. (See Correction Law, § 63.)

This relator was certified by the Elmira Reception Center to the Elmira Reformatory August 8, 1947. *Section 288 of the Correction Law* was applicable to sentence to Elmira at that time. This section reads: "The term of such imprisonment of any person so convicted and sentenced shall be terminated by the board of parole in the executive department, but such imprisonment shall be for a period not to exceed five years ".

The relator contends that once the Elmira Reception Center certified him to the reformatory that he was then held for a maximum sentence of five years. The respondent contends that the applicability of *section 288* is limited to the time that the relator is actually in Elmira and that if he is subsequently transferred to Attica for any reason, his imprisonment then is governed by the laws applicable to Attica.

No case exactly in point has been called to this court's attention. Section 288 of the Correction Law does not apply to the original sentence to the Elmira Reception Center. (See 1947 Atty.-Gen. 185.)

The relator concedes that if the reception center had certified the relator to a State prison that the respondent's computation on his maximum sentence would be correct. The reception center however, did certify the relator to the Elmira Reformatory. This court believes that the Legislature intended to limit the punishment which could be imposed at Elmira Reformatory to five years when they adopted section 288.

In the past the Department of Correction has sometimes transferred prisoners from the reformatory at Elmira to a State prison because of crowded conditions at the reformatory. This ministerial act should not have the effect of changing the relator's sentence. If the respondent's contentions were correct, the result would be to impose a much more severe penalty upon those criminals under twenty-one years of age who must be sentenced to the reception center under *section 60 of the Correction Law,* than would be imposed on a man over twenty-one sentenced directly to the reformatory. It is the opinion of this court that the Legislature did not intend this result.

The writ should be sustained and since the relator has already served more than five years, he should be discharged forthwith.