THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ANTHONY FELICE PALLANTE, Appellant.— This is an appeal from an order of the Schenectady County Court dismissing defendant's petition for an order in the nature of a writ of *coram nobis* and denying both the order and defendant's petition for a hearing. Defendant is presently serving a sentence as a third felony offender by dint of three felony convictions, all in Schenectady County Court and all on pleas of guilty. The first such conviction was in 1929, when defendant was sixteen years old. He has instituted this proceeding to invalidate the two earlier convictions on the stated grounds that on neither occasion was he advised

of his constitutional rights, did he have the aid of counsel, or did he intelligently and competently waive such rights. The court below has held that it conclusively appeared that such rights had not been denied him but that on each occasion counsel was assigned and appeared for him. The court's decision notes the appearance in this proceeding by counsel in behalf of defendant and by the District Attorney. The latter submitted a verified reply to the petition reciting facts as to documentary proof to refute defendant's allegations. The office files of the District Attorney relating to defendant's 1929 record show an entry after the word "Counsel" of the words, "Thomas W. Wallace, assigned by the court". In the same files defendant's 1934 record shows the name "Samuel Levy" appearing after the word "Counsel". On the reverse of the original 1934 indictment, filed in Schenectady County Clerk's Office after the printed words, "Counsel Assigned for Defendant", is written the name "Sam Levy". Thomas W. Wallace was the District Attorney at the time of defendant's 1934 indictment. He subsequently died during his term of office as Lieutenant Governor of this State. The issue here presented is whether the foregoing records are sufficiently conclusive to justify the court below in dismissing the petition and denying defendant a hearing. In the instant proceeding defendant's "factual matters" consist merely of allegations that he was not advised of his rights and that he had no aid of counsel. The District Attorney did "come forward with a verified statement of facts" and furnished "unquestionable documentary proof" (*People* v. *Langan,* 303 N. Y. 474, 480) sufficient to make it appear that "there is no reasonable probability at all that defendant's averments are true". (*People* v. *Guariglia,* 303 N. Y. 338, 343.) It thus appears that the court was justified in its determination. Order unanimously affirmed, without costs. Present — Foster, P. J., Bergan, Coon, Halpern and Imrie, JJ.