Richard J. Sherman, J.
This is an application for a writ of error coram nobis. A previous application was denied by ibis court, and as stated by the defendant, is now pending before the Appellate Division.
The application is based upon the contention that the alleged crime of abandonment of a pregnant woman was committed in the County of Warren and not the County of Saratoga and therefore, the Saratoga County Grand Jury had no right to indict him for the alleged crime and that the County of Saratoga was without jurisdiction. Defendant further contends that proceedings were had before a Justice of the Peace of the Town of Corinth wherein defendant’s wife alleged abandonment in violation of section 50 of article 3 of the Penal Law, and in the information stated that the defendant abandoned complainant in the County of Warren. The Court of Special Sessions entertained the matter, brought the defendant before it, and upon his plea of guilty, suspended execution of sentence upon defendant’s promise to pay wife $25 each and every week. Approximately four months later, the complaining witness was referred to the Grand Jury which met in January of 1951.
The Grand Jury heard the evidence, and an indictment was handed down charging the defendant with the crime of abandonment of a pregnant woman in violation of section 50 of the Penal Law of the State of New York.
On January 15, 1951, the defendant was arraigned before the Honorable John Alexander, Justice of the Supreme Court, entered a plea of ‘1 not guilty ’ ’, and at his own request, attorney James T. Harrington was assigned as his counsel.
It is important to note that at this time, questions were asked by the court, part of which questions and answers appear in *670 the record as follows: “ The Court: Where is your home? The Defendant: Corinth (Saratoga County). ”
The case was regularly transferred to the County Court, and on February 12, 1951, the defendant was in court with his counsel and entered a plea of “ guilty ”. Defendant waived the two-day statutory period for the imposition of sentence. When his record of statistics was taken he was asked: ‘' Where do you reside?” His answer was: “Corinth, N. Y. (Saratoga County). ”
No question or objection was raised by the defendant, nor did he demur to the indictment or move for an arrest of judgment. No appeal was taken from the judgment of conviction.
There is no question as to the sufficiency of the indictment. (Code Crim. Pro., § 284.)
Unless a motion founded upon the indictment and the sufficiency thereof is made before or at the time when the defendant is called for judgment, the objections thereto are waived. (People v. Willett, 213 N. Y. 368.)
By entering a plea of guilty and failing to demur or move under section 331 of the Code of Criminal Procedure, the defendant waived any objection to the indictment. (People ex rel. Fryer v. Brophy, 149 Misc. 562.)
The court has examined all of the grounds pertaining to the granting of a writ of error coram nobis, and finds nothing applicable to the present case. Writs of error coram nobis have been granted and the judgment of conviction vacated upon: (a) insanity of the defendant at the time of trial, (b) perjured testimony sufficient to cause a different verdict and within the knowledge of the prosecuting officer, (c) withholding of material testimony by the prosecution which would have caused a different result, (d) a plea of guilty in reliance on a promise by the prosecuting officials or the court to take care of the defendant, (e) conditions resulting in danger to the life of the defendant which caused the defendant to plead guilty, (f) the age of the defendant at the time of the commission of the crime, (g) defendant not represented by counsel, and (h) the indictment sets forth no criminal act. It will be seen, therefore, that the requisites are lacking in the motion papers submitted by the defendant.
The only factor then remaining is the question of residence. That question was determined by defendant’s answer to the court upon arraignment and again at the time he pleaded guilty.
If there was any mistake about it, the question could have been raised upon a motion for a new trial and there is no basis what *671 ever for any proceeding in coram nobis. (Matter of Hogan v. Court of General Sessions, 296 N. Y. 1.)
A criminal court is empowered to set aside one of its judgments in coram nobis proceedings only where the judgment was procured by fraud or in violation of a constitutional right and under circumstances maldng it impossible for the defendant to avail himself of the ordinary remedies provided by the Code of Criminal Procedure. (People v. Gersewitz, 294 N. Y. 163.)
The application is denied.
Submit order.