Thomas Dickens, J.
This is a motion for writ of error coram nobis.
The defendant was indicted on February 1,1950, under indictment No. 41-50, which contained three counts.
The first count charged sodomy; the second count charged placing a child in such a situation as likely to impair morals; and the third count charged carnal abuse of a child, after prior conviction.
The defendant was tried and convicted on the third count of the indictment, charging carnal abuse of a child as a felony.
Ají information was filed by the District Attorney on May 22, 1950, pursuant to sections 1941,1942 and 1943 of the Penal Law. The defendant was sentenced on June 7, 1950, by the Honorable Francis L. Valente to a term of 5 to 20 years as a second felony offender. Said sentence is now being served.
The defendant in his application sets forth the following seven points upon which the motion is based:
1. His erroneous admission as to being the same person mentioned in the information was due to misrepresentations and false promises by his attorney.
2. The court took advantage of his ignorance of the proper procedure relating to his attorney’s misrepresentation.
3. He was forced to sign false statements, and the confession he made was based on an assault by the arresting officer.
4. The court refused to postpone the case so that he could call his proper witnesses.
5. The court refused to let him speak in defense of himself.
*432 6. The court failed to note errors committed by complainants and witnesses.
7. The People failed at the time of his trial to prove a prima facie case.
Addressing attention to point one, alleging improper handling of the case, a bare assertion without supporting facts is insufficient to sustain a charge against an attorney for the manner in which a case has been handled. No attorney is bound to know all the law. (People v. Kresel, 243 App. Div. 137; Gimbel v. Waldman, 193 Misc. 758.) An attorney is not held to the rule of infallibility. (People v. Girardi, 2 A D 2d 701.) Only the exercise of ordinary, reasonable skill is required.
The remaining six points deal with happenings and alleged errors and omissions at the trial or at time of sentence. These errors and omissions, if any, are appealable and are not properly raised by a writ of error cor am nobis.
Therefore, the motion is denied.
The District Attorney is directed to enter an order in conformance with the decision herein and to forward a certified copy to defendant.