Thomas Dickens, J.
Defendant applies by means of two applications for a writ of error coram nobis. One was addressed to the court proper and received through the mail by the clerk on July 28, 1956, and the other was addressed to the Honorable Francis L. Várente, a former Judge of this court, and received in an envelope postmarked December 13,1956.
The relevant facts are that the defendant was indicted for robbery in the first degree, grand larceny in the first degree, assault in the second degree, criminally possessing a pistol after prior conviction, and carrying a dangerous weapon after prior conviction.
The defendant pleaded guilty to two of the counts, grand larceny in the first degree and robbery in the first degree, to cover all the counts of the indictment. Thereafter, he was sentenced by the Honorable Francis L. Várente to the State prison for a term of 15 to 30 years on the robbery .count as a second felony offender.
One of the complaints by defendant, raised in both motions, is alleged police brutality. Another complaint, raised in one of the motions, is, in substance, that his attorney had told him that if he would accept a plea, then he would get a certain specific sentence. Still another complaint, raised in the other motion, is that the District Attorney had told his attorney that if he, the defendant, would accept a plea, he would be sentenced to a certain specific term. On the day of the sentence, however, the term received by the defendant was greater than the one allegedly mentioned by the defendant’s attorney. Hence, these motions.
As to the question of police brutality, there is no claim that the plea was caused by the alleged brutality. Therefore, there is no issue on this phase for this court to pass upon.
*440 As to the complaint pertaining to the plea suggested by defendant’s attorney, this court considers it of no legal merit. Even, for the sake of argument, if defendant’s attorney had been of the opinion that the defendant would receive a certain specific term, such opinion would not be sufficient ground for granting the relief applied for herein. The fact that the opinion of competent counsel was merely erroneous, cannot, in and by itself, be regarded as a basic cause for complaint. In such instance, an attorney is not held to the rule of infallibility. (People v. Girardi, 2 A D 2d 701; Rapuzzi v. Stetson, 160 App. Div. 150.)
This now brings the court to the complaint of what counsel had allegedly told the defendant concerning the District Attorney’s statement, in substance, that there would be a specific term upon a guilty plea, such term to be considerably less than the one that he had actually received.
The fact that the District Attorney may have voiced an opinion to defendant’s attorney as to the length of the sentence that defendant might receive on a plea, is not a basis for the granting of the motion for a writ of error coram nobis. (People v. King, 284 App. Div. 1015; People v. De Maio, 303 N. Y. 939.)
Accordingly, the motions are denied.
The District Attorney is directed to enter an order in conformance with the decision herein and to forward a certified copy to defendant.