Thomas Dickens, J.
This motion for coram nobis relief is denied.
*198 The minutes of what took place at the sentencing of defendant on December 14, 1953, refute defendant’s belated claim asserted in Ms affidavit.
TMs refutation is materially enhanced in forcefulness by the following papers on file in the clerk’s office: Three letters, dated June 26, 1955, August 22, 1955 and August 29, 1955, respectively, two addressed by defendant to the sentencing Judge and one to the clerk; motion papers, dated August 22, 1955, for an inspection of the Grand Jury minutes; defendant’s affidavit thereon in reply to that from the District Attorney’s office; and the opimon of the sentencing Judge who, incidentally, heard and thereafter denied that motion. In not any one of these documents does a single word appear indicating any promise or agreement by either the sentencing Judge or the District Attorney of a specified sentence as a compromise for defendant’s plea of guilty during trial. And all these documents came about after defendant’s sentence on December 14, 1953.
Moreover, the affidavit of defendant lacks any indication that the essential assertions therein emanate from personal knowledge, let alone the absence of an appropriate affidavit to lend corroborative support to these assertions or to bolster their legal effect.
It follows, therefrom, that when these documents on file are aligned against defendant’s bare affidavit, they conclusively destroy the efficacy of Ms claim of a promise, and therefore, a hearing is not warranted. (See Frank on Coram Nobis [1957 Supp., p. 23, n. 6, 8; p. 14, n. 72] and cf. People v. King, thereunder.)
The District Attorney is directed to enter an order in conformance with the decision herein and to forward a certified copy to defendant and his attorney.