Maurice W. McCann
(Yates County Judge and Acting Judge for Queens County). This defendant together with two codefendants, Thomas Carbone and Thomas Micelli, were indicted by the Grand Jury of Queens County for the crime of assault in the second degree. The indictment bearing number 919-56 was found December 11, 1956.
On April 30,1957 the trial of this defendant and his codefendants was started before me in Part II of the Queens County Court. The morning was spent selecting the jury. Upon return from the noon recess the trial was about to be resumed when the defendants made application to withdraw their former pleas of not guilty to enter pleas of guilty to the crime of assault in the third degree, and as to the defendant Márchese the following colloquy took place:
“ Mr. Klein: Now, if the Court pleases, in reference to the defendant Pasquale Márchese, I respectfully ask at this time that he be permitted to withdraw his previous plea of not guilty and he desires now to plead guilty to the crime of Assault in the Third Degree which is a misdemeanor in full satisfaction of the indictment in this proceeding.
“ The Court: Mr. Márchese, do you understand English?
“ Defendant Márchese: Yes, your Honor.
“ The Court: Have you discussed your case with your lawyer ?
“ Defendant Márchese: Yes, your Honor.
‘ ‘ The Court: Did you hear your lawyer offer to withdraw your plea of not guilty and offer to plead you guilty to Assault in the Third Degree to cover the present indictment?
“ Defendant Márchese: I didn’t quite understand you, your Honor.
‘ ‘ The Court: I said did you hear your lawyer offer to withdraw your plea of not guilty and offer to plead you guilty to Assault in the Third Degree. Do you understand? In other words, you are charged in the indictment with Assault in the *738 Second Degree. Tour lawyer is now offering to plead you guilty to Assault in the Third Degree which is a lesser degree of the crime of assault. You are charged with a felony and he is offering to plead you guilty to a misdemeanor. You better discuss the case further with your lawyer.
“ Defendant Márchese: All right, I’ll take a plea to a misdemeanor.
“ The Court: You do plead guilty to Assault in the Third Degree ?
“ Defendant Márchese: Yes, I’ll take a plea.
“ The Court: They sometimes call it simple assault.
“ Defendant Márchese: Yes.
“ The Court: Now has any promise been made to you on this plea by the District Attorney, your lawyer, the clerk of the court or anyone connected with the Court? In other words, has anyone promised you anything to induce you to plead guilty to Assault in the Third Degree?
“Defendant Márchese: No, your Honor.
“ The Court: You do plead guilty to Assault in the Third Degree?
“ Defendant Márchese: Yes.
“ The Court: You are pleading guilty of your own free will?
1 ‘ Defendant Márchese: Yes, your Honor.
“ The Court: And you do know that your plea of guilty is a confession of your guilt as to the crime to which you are pleading guilty to, Assault in the Third Degree or simple Assault, whichever you may choose to call it?
‘ ‘ Defendant Márchese: Yes. ”
It is evident from the replies given to this court by the defendant Márchese that he was admitting his guilt by his answers made in the presence of his attorney and codefendants. Nothing to the contrary was stated by any of the defendants involved in the commission of the crime, although all of the defendants had ample opportunity to state otherwise. They also had an opportunity to require the People to prove them guilty before jurors who were then available in the courthouse and could have heard their case.
After their pleas of guilty all of the defendants were permitted to be free on bail while awaiting their sentencing.
The People contend that if this motion is granted they will be greatly prejudiced because of unsworn, written statements made by the two codefendants, to the effect that the defendant Márchese was not present at the time that the assault took place.
*739 Taking into consideration the statements made by the defendant Márchese to this court at the time he pleaded guilty to assault in the third degree and the reasons advanced by the People in opposition to the motion, I feel that the motion should be denied.
Submit order accordingly.