Charles Marks, J.
Jacob Berger, together with two codefendants, was indicted for murder in the first degree. During the course of trial, defendant Berger pleaded guilty to the crime of murder in the second degree before the Honorable Jonah J. Goldstein. On April 12, 1940, he was sentenced to State prison to a term of not less than 50 years and the maximum for his natural life. The defendant now seeks a writ of error coram nobis wherein he claims that his plea of guilty was a product of “ coercion, misrepresentation and fraud perpetrated upon him prior to bis plea of guilty by authorized officers of the Court,” and he furthermore claims that a confession was coerced out of him prior to his arraignment in Felony Court. The claim of coercion, with respect to Ms plea of guilty is based on the fact that his lawyers and his sister prevailed upon him to plead guilty so as to save the lives of all concerned. The petitioner further claims that Ms attorneys informed Mm that they were friends of the Presiding Justice; that he was humane; that he would impose the minimum sentence of 20 years; and, that the -attorneys would talk to the Judge for such consideration. Prior to the imposition of sentence, at the behest of tMs defendant, his -attorneys moved to withdraw his plea of guilty. *310 The sentencing minutes on file, approximating some 50 pages, indicate that counsel moved to set aside the defendant’s plea of guilty and there was a protracted colloquy between the court, defendant and counsel with respect to the application to withdraw said plea prior to the court’s imposition of said sentence. It has been held that even if a defendant was coerced into making a confession, his plea of guilty vitiates such irregularity and coram nobis does not lie (People v. De Barros, 1 A D 2d 845 [2d Dept., 1956]). Nor is the alleged inducement by, and the conduct of, his counsel the basis for sustaining the writ (People v. King, 284 App. Div. 1015 [3d Dept., 1954]). As to ' the further claim by the petitioner with respect to alleged coercion by his attorneys and Ms sister in prevailing upon Mm to plead gMlty so “as to save the lives of all concerned,” tMs court finds after a reading of the records in tMs case that there is no merit to said contention. In any event, tMs claim of coercion raised by the .petitioner is part of the original conviction record and the defendant’s proper remedy would have been to appeal or by a motion in arrest of judgment (see People v. Sadness, 300 N. Y. 69; People v. Shapiro, 3 N Y 2d 203; Matter of Hogan v. Court of General Sessions, 296 N. Y. 1; Frank on Coram Nobis, p. 53). Motion is in all respects deMed. The District Attorney is directed to enter an order in conformance with the decision herein and to forward a copy of said order to the defendant.