Thomas Dickens, J.
Defendant levels criticism at the sentence meted out to him for a third felony offense, complaining that the actual sentence should have been for a second felony offense.
He maintains that the sentencing Judge erred in his calculation by ulilizing for part of the formula the punishment of a suspended sentence imposed upon him at an earlier period of time for another condemnation of felony.
If defendant should carry his point, the motion for a resentence must be granted even though the same punishment could be imposed for a second offense as for a third offense. (People v. Begue, 1 A D 2d 289; People v. Gifford, 2 A D 2d 642.)
The minutes of the addiction, however, prove defendant’s unsubstantiated faultfinding to be entirely misconceived. In them, the Judge’s actual sentence delivered in clear language, *970 reads: “ and I have to give you fifteen years because you are a second felony offender.” (Emphasis supplied.)
For mention as a sidelight, it should be kept to the fore that defendant’s attorney had, in the course of his plea for leniency, referred to defendant as one who would be subject to the punishment of a second felony offender. Palpably then, both the Judge and defendant’s attorney had stood on common ground and had seen eye to eye on the extent of the punishment. Concurrence, hence, had been in conformity with -the pronounced sentence appearing in the record.
A stenographer is an officer of the court and his original stenographic notes are part of the proceedings of a cause. (Matter of Kenda, 2 Misc 2d 797; Judiciary Law, §§ 290, 292; Code Grim. Pro., § 55, par. 1.) The transcription of such notes into documentary minutes, is to be given judicial credence as a literal court record, particularly in the absence of any sound legal reason to call the contents of the minutes in question. (Cf. People v. Canfora, 9 Misc 2d 930, affd. 6 A D 2d 781.) Like any other official record, transcribed minutes .of a cause go a long way as an aid in arriving at a justiciary disposition. (Frank on Coram Nobis [1953 ed.], p. 86 et seq.)
It follows that the record of the minutes must prevail. (Cf. People v. Mogavero, 9 Misc 2d 197.)
Motion denied.
The District Attorney is directed to enter an order in conformance with the decision herein and to forward a certified copy to defendant.