Thomas Dickens, J.
The infirmity that defendant attaches to this sentence, administered to him in 1956, for the conviction of a second felony offense, is that it did not have for its sustaining prop the prerequisite of a legally bound sentence for the conviction of the first felony offense in 1953.
For verification, he declares in his autograph letter, considered here in the nature of a formal application for the purpose intended, that the so-called sentence in 1953, committing him to the custody of the “Reception Center under Article 3A of the Correction Law for classification and confinement,” without anything else said, did not constitute a legal sentence; therefore, the 1953 conviction should not have been made “ the basis of a second felony offenders [sic] information. ’ ’
A look at the record will fully demonstrate that this contention is wholly footless in fact, and does not consist with the disclosure in the record of this court.
Supplementary to his remark at the addiction indicating a sentence to Elmira Reception Center, the sentencing Judge in 1953 pronounced a specific sentence in these words, which were noted on the indictment:
“ Defendant be confined in an Institution under the jurisdiction of the Department of Correction — for an indefinite term, and committed to the Reception Center of the Department of Correction- — -at Elmira, N. Y., for classification and confinement pursuant to Article 3-A of the Correction Law.” (Emphasis supplied.)
In that year, 1953, the pertinent part of subdivision 1 of section 61 of the Correction Law had read: “ sentenced to imprisonment in an institution under the jurisdiction of the department of correction without designating the name of such institution, and be committed to the department reception center for classification and confinement as provided in this article.” (Emphasis supplied.) (L. 1947, ch. 198.)
Subdivision 2 of section 61 empowered the court to imprison for an indefinite term as governed by article 12. Section 288 *973 of article 12, setting forth the term, provided for sentence not in excess of five years within the determination of the board of parole.
Clearly then, there was a commitment in language running almost parallel to that in subdivision 1, and an imposition of punishment for an indefinite term as empowered by subdivision 2. Sentence and commitment fulfilled the Judge’s fundamental duties when he had confined defendant to the reception center. These duties were, therefore, performed as required by the statute. (People ex rel. Johnson v. Martin, 283 App. Div. 478, affd. 307 N. Y. 713.)
In the People ex rel. Johnson v. Martin case (supra) wherein the same statute was involved, the County Court (203 Misc. 546) had under consideration a form of sentence in language approximately similar to that set forth by defendant in his letter as the reason for this motion. The wording was (p. 547): “be committed to the Reception Center of the Department of Correction at Elmira, New York, for classification and confinement pursuant to article 3-A of the Correction Law.”
This form of sentence, the court held, was entirely proper. (See, also, People ex rel. Walker v. People, 3 A D 2d 623.)
The original holding to the contrary by the court in People v. Askew (3 A D 2d 984), defendant’s cited case for reliance was subsequently withdrawn by the same court in People ex rel. Rapacki v. Martin (6 A D 2d 757).
It is quite conclusive that defendant’s barren cause for dissatisfaction does not in the least bear any influential weight in law as against this specific official record. (Cf. People v. Mogavero, 9 Misc 2d 197; see, also, Frank on Coram Nobis [1953 ed.], p. 86 et seq.)
Motion denied.
The District Attorney is directed to enter an order in conformance with the decision herein and to forward a certified copy to defendant.