James D. Hopkins, J.
The defendant previously withdrew his petition in the nature of a writ of error coram nobis, but has now indicated that he desires to reinstate his application. In the interests of justice, the defendant’s petition will be entertained as originally presented.
The grounds of the defendant’s prayer is substantially that he was misled into pleading guilty to the crime of attempted grand larceny in the second degree, by the statement of his assigned counsel that he would receive a sentence of six months ’ imprisonment in the penitentiary. The defendant actually received an indeterminate sentence in Sing Sing Prison, the minimum of which was one and one-half years, and the maximum of which was two and one-half years. The defendant does not allege any promise by the District Attorney or by the court.
It is doubtful that the writ of coram nobis includes within its scope the claim of fraud or coercion in the making of a plea of guilty by statements or representations made by the defendant’s own counsel. The general theory of fraud or coercion is directed toward the acts of the court or the prosecution (People v. Sadness, 300 N. Y. 69, 73; Matter of Lyons v. Goldstein, 290 N. Y. 19, 25-26). To hold that inducements made by the defendant’s own counsel, which in many cases must of necessity border closely upon the giving of advice to an accused by counsel, *507 should have the effect of official fraud would open the gates to a myriad of applications based on allegation which the prosecution and the court would be powerless to rebut or evaluate. Both the State courts (People v. Wilkes, 136 N. Y. S. 2d 662) and the Federal courts (Crowe v. United States, 175 F. 2d 799) have determined that such a claim provides no basis for a coram nobis application.
The records of the court, moveover, repel the defendant’s claim. The minutes of the proceedings taken at the time of the defendant’s plea of guilty, which are properly part of the record to be considered in light of the defendant’s application (People v. Warnbrand, 278 App. Div. 956; People v. Mogavero, 9 Misc 2d 197), demonstrate that the defendant was asked by both the Assistant District Attorney and the court whether any promises had been made to him with respect to his plea or the sentence to be imposed, and the defendant in each instance answered in the negative. Nor does it seem probable that the defendant’s assigned counsel, a respected and experienced member of the Bar, would make any representation to the defendant as to the sentence he would receive.
The application is denied. The District Attorney is directed to serve a copy of the order to be entered hereon with notice of entry upon the defendant.