Thomas Dickens, J.
Infrigement of his constitutional rights, is the fundamental contention embodied in defendant’s coram nobis motion.
In order to sustain this contention, the following specific grounds are alleged:
First. Inducement by incompetent assigned counsel to take a plea of guilty to the charge of criminally possessing a pistol as a felony, but, however, with the conditional understanding that a suspended sentence would be the consequence, and not a prison term which was imposed instead herein.
Second. The failure of the court to provide an interpreter, in view of defendant’s inability as a “ Puerto Rican immigrant ’ ’ to speak or understand the English language at the time of his conviction and sentence, an involvement, which he declares, was his first experience with the “judicial process of American [sic] he was uncertain as to his rights and unaware of court procedure.”
Inasmuch as the facts of the second ground have a direct and a clear informative bearing upon defendant’s credibility, I am persuaded to give first consideration to the allegation that sets forth the matter of this ground.
*615 Defendant’s profession of being ignorant of the English language at the time of conviction and sentence, and his disclaimer of having had any prior brush with the law, meet with indubitable refutation when confronted with the context of the official minutes pertaining to his plea and of those pertaining to his sentence. These official versions, reading diametrically different from defendant’s version, justify the inescapable inference that defendant is resorting to the wanton course of recklessly playing fast and loose with the truth.
That defendant could understand and speak English and that he had had a prior experience with the law, are best illustrated, particularly, by the following illuminating extract from the minutes of his plea, consisting mainly of a four-page colloquy in English between the court and' himself in the presence of his counsel:
“ The Court: Vasquez, have you heard the statement made by your attorney?
‘ ‘ The Defendant: Yes, sir.
‘ ‘ The Court: Do you understand English?
“ The Defendant: Yes, sir.
“ The Court: Did you understand what he [counsel] said to the Court?
“ The Defendant: Yes.
‘ ‘ The Court: Do you wish to withdraw your plea of not guilty and plead guilty to feloniously possessing a gunf
“ The Defendant: Yes, sir.” (Emphasis supplied.)
And in the minutes of the sentence appears the nature of the previous crime, “policy slips,” which forms the basis of the conviction for that crime which in turn forms the basis of the felony plea at bar.
There can be no doubt, then, that such unrestrained perversion of the truth, borne out in black and white by the contradictory official stenographic minutes, makes inevitable the only acceptable conclusion, and that is that this sworn allegation, in which defendant professes ignorance of the English language, and a first troublesome experience with the law, despite, as to the latter profession, his acknowledgment to the contrary by a plea to the felony crime at bar, is ‘ ‘ palpably untrue, not improbable or unbelievable but untrue ” (People v. White, 309 N. Y. 636, 641, cert. denied 352 U. S. 849), and so, cannot “ make black white, or truth falsehood” (Sternaman v. Metropolitan Life Ins. Co., 170 N. Y. 13, 22) and as a lie, it “is a lie, no matter what its subject.” (People v. Savvides, 1 N Y 2d 554, 557.)
*616 In further condemnation of defendant for his lack of veracity, is notably the glaring absence of even the slightest mention of this present ground of contention from the minutes of the plea, from those of the sentence, and from his application of recent date, October 15,1958, returnable before me, in which he sought also to vacate this same judgment of conviction upon an entirely different ground, but without success. See my opinion thereon in People v. Vasquez (15 Misc 2d 850).
Nothing more need be said on this score other than to make the observation that the stenographic record of this court should be made to prevail, and so does prevail. (People v. Hull, 13 Misc 2d 969; see, also, People v. Canfora, 9 Misc 2d 930, 932, affd. 6 A D 2d 781; People v. White, 309 N. Y. 636, 641, supra.)
The result of this flagrant display of indifference to truth, is that it has so drastically impaired defendant’s credibility as to warrant full disbelief of his accusation against his attorney, when measured within the length and breadth of the maxim, u Falsus in uno falsus in omnibus.'” (See Moet v. People, 85 N. Y. 373; Deering v. Metcalf, 74 N. Y. 501.) Nevertheless, I shall dispose of this ground of contention (also not even slightly mentioned in the application of October 15, 1958, aforenoted) on purely legal principles applicable to the issue as raised.
Assuming that an inducement to plead guilty is made with the understanding of receiving a suspended sentence, it does not follow that a prediction or a representation by a defendant’s counsel of the length of the sentence to be given, even if erroneous, furnishes ground for vacating a judgment of conviction. (See Frank, Ooram Nobis, 1954-1957, Cumulative Supp., p. 14, n. 72 [ann. cases].) Such representation, even if true, would not come under the provisions for coram nobis wherein a plea was induced by trickery or deceit or coercion or fraud or misrepresentation by public officials. (People v. Wilkes, 136 N. Y. S. 2d 662.) Furthermore, no attorney is bound to know all the law and no attorney is held to the rule of infallibility. (Matter of Bemy Sportswear, 16 Misc 21 407; People v. Baldwin, 15 Misc 2d 431; People v. Lee, 4 A D 2d 770.)
It is my judgment, therefore, that defendant’s application is entirely devoid of legal merit, leaving no avenue open for disposition other than one that leads to its denial in all respects.
Motion denied in all respects.
The District Attorney is directed to enter an order in conformance with the decision herein and to forward a certified copy to defendant.