Thomas Dickens, J.
In order to attain a favorable outcome of this coram nobis motion, defendant relies upon (a) the illegality of trickery employed by his assigned counsel in persuading defendant to plead guilty while testifying in his own defense; and (b) an abuse of discretion exercised by -the Judge in refusing to permit defendant to withdraw this plea before judgment.
The trickery, complains defendant, took root when his attorney “Mr. Ginsberg made the Promise that if your Petitioner would take a Plea to the allege [sic] crime of Robbery 3d degree, that he (Mr. Ginsberg) had arranged with a one Harold X. McGowan that your Petitioner would receive an SS upon said date of sentence, and with this Promise your Petitioner excepted [sic] such said Plea, after which your Petitioner was sentenced to ten (10) years.”
This excerpt from defendant’s petition is an unequivocal declaration that the District Attorney did not have any direct dealing with defendant on this subject. Consequently, the foregoing alleged promise amounts to naught in law.
Recently, I had occasion to pass upon a similar question, the answer to which is now reported in the case of People v. Bofill (19 Misc 2d 708). I held, on the basis of higher authority, that a prediction or a representation by a defendant’s counsel of the length of the sentence to be given, even if erroneous, did not furnish ground for vacating a judgment of conviction. (See, also, People v. Gonzalez, 15 Misc 2d 438; People v. Saladak, 15 Misc 2d 506; People v. Wilkes, 136 N. Y. S. 2d 662; People v. Codarre, 285 App. Div. 1087; People v. Stryzewski, 19 Misc 2d 598; Frank, Coram Nobis [1955-1957 Supp.], p. 50, 1 n. 72.) Such prediction or representation does not fall within the purview of official deception or trickery. (People v. Vasquez, 18 Misc 2d 614.)
*337 To raise a triable issue, further says this higher authority cited in the Bo fill case (supra), it must be shown that a District Attorney participated in the making of a misrepresentation to a defendant as an inducement to change his plea of not guilty to one of guilty. (See, also, People v. Caron, 121 N. Y. S. 2d 404.)
It follows that this contention is without legal merit, and, therefore, is not worthy of judicial recognition.
The question concerning the propriety of the denial of the motion for leave to withdraw the plea of guilty made at the time of sentence by defendant’s attorney, who, as the record indicates, had represented defendant at all stages in the trial of this case, must suffer a like fate at the hands of the law.
Although the Judge had discretionary power to permit a withdrawal of the plea of guilty at any time before judgment (Code Crim. Pro., § 337; People v. Doyle, 11 App. Div. 447; People v. Dolac, 3 A D 2d 351, affd. 3 N Y 2d 945), and although nothing short of a withdrawal could change the situation (People v. Quinn, 8 Misc 2d 546, 547, affd. 5 A D 2d 824), his denial of| the request was warranted in the circumstances of this case, for ! two reasons.
The first reason is that the record conclusively establishes! that there was no official fraud responsible for defendant’s tak;-! ing the guilty plea. (People v. Hirsch, 281 App. Div. 989; see, also, People v. Carr, 267 App. Div. 850; People v. Freeman, 7 A D 2d 960.)
The second reason is that the denial of the request for leave"*? to withdraw is a component of the record of this prosecution. In j such instance, coram nobis does not lie. The normal courses-^ provided by the Criminal Code, as for instance, by way of appeal, among the other instrumentalities mentioned therein, are required to be followed as the remedies. (People v. Berger, 22 Misc 2d 309, affd. 10 A D 2d 619; see, also, People v. Forsyth, 4 A D 2d 1018; People v. Shapiro, 3 N Y 2d 203; People v. Bowers, 3 Misc 2d 668; People v. Gencarelli, 15 Misc 2d 45, 47, affd. 9 A D 2d 614.)
Of significant note is the fact that at the time of sentence defendant suddenly changed heart and asserted innocence. Assuming that the change raised a cloud of uncertainty regarding the commission of the crime by defendant, I am of the opinion, nevertheless, in the circumstances of this case, taking particular note of the Judge’s denunciation of defendant as a liar when defendant declared the change, that the denial of leave to withdraw his plea of guilty before sentence, was not an abuse of discretion. In People v. Hirsch (supra, p. 989) I find this language: “ Although there appears to be at least grave doubt *338 that appellant in fact committed any crime, he did plead guilty upon a prosecution which was based on an indictment which is apparently valid on its face, and the record conclusively establishes that the plea was not induced by an official fraud.”
As an added mark of interest, a “ memorandum,” submitted with the motion papers by defendant, contains the contents of a letter, written out by him in full. It is dated August 22, 1947 and it concludes, in the likeness of a complimentary close, with the phrase “ From A. H.” Among other things therein, the writer expresses remorse over the plight of defendant and implores forgiveness for causing it. Who “A. H.” is, defendant does not identify. Notwithstanding, for the purpose of this opinion, I shall assume that the initials 11 A. II.” are those of the complainant. Inasmuch as defendant has apparently offered it for sympathetic consideration in support of his motion, despite its lack of legal weight, I shall, nonetheless, proceed to dispose of it as an assurance to defendant that nothing submitted by him has been overlooked in arriving at an adjudication of this motion.
A criminal action is prosecuted in the name of the People of the State of New York as plaintiff against the party charged with the crime. (People v. Rodriguez, 13 Misc 2d 1004.) ‘1 Criminal prosecutions involve public wrongs which affect the whole community, considered as a community, in its social and aggregate capacity.” (Cancemi v. People, 18 N. Y. 128; see, also, Tompkins v. Mayor, 14 App. Div. 536, 540.) A complainant’s status in a criminal prosecution is merely that of a witness. (McQuhae v. Rey, 3 Misc 550.) Ours is a Government of laws and not of men. (People v. Tinston, 6 Misc 2d 485, 491; People ex rel. McCarren v. Dooling, 128 App. Div. 1, 8, affd. 193 N. Y. 604.)
Boiled down to a conclusion, the meaning, deduced from these principles, it seems to me, is obvious, to wit, that forgiveness, especially at this time in the case, has no proper place in the criminal law. The interest of the State is paramount and controls prosecutions. (See Code Grim. Pro., § 667 et seq.) For it is the public, not a complainant, that is injured by the commission of a crime. (People v. Quill, 11 Misc 2d 512.)
As heretofore remarked, it is reasonable to assume that this letter was made part of the motion with the object in view of gaining my sympathy. Unfortunately for defendant, even, with all things being equal, if I were inclined to regard the application with a sympathetic eye, I could do nothing about it because sympathy, too, has no proper place in the archives of the law. *339 (See Laidlaw v. Sage, 158 N. Y. 73, 104; Cartee v. Saks Fifth Ave., 277 App. Div. 606, 611.)
Again, even if defendant had succeeded in the accomplishment of working the oracle to the brink of gaining my sympathetic attitude prompted with a desire to help him judicially, assuming applicable law as being absent as a question, and assuming sympathy as having a value in law, he still would have been preliminarily faced with the problem, now barring the way, of overcoming the challenge to his credibility, which has-been, according to the record, leveled to the degree of zero as a result of his own tactics. The record, besides that pertaining to the Judge’s denunciation of defendant, bears mute proof that his entire story is, indeed, a lie made of the whole cloth.
During the sentencing period when defendant vacillated from guilt to innocence and back to guilt, causing the Judge to be provoked to the point of denouncing him as a liar, defendant volunteered this glaring admission: “ I pleaded guilty for the simple reason that the D. A. had caught me in one mistake and I pleaded guilty ’ ’. This was the only explanation he had to offer for Ms revision of the plea of not gmlty to that of guilty. Neither at this plea nor during the course of the addiction ritual, did he utter one syllable accusing his lawyer of misrepresentation regarding the plea (cf. People v. Nesbitt, 7 A D 2d 763) — the very same lawyer who had been representing Mm throughout the trial and who had addressed the Judge at the sentence with the request for permission to have defendant ‘‘ make a statement which he has indicated to me that he would like to make ” (emphasis supplied).
Now, at this late date, 14 years after the event, this accusation is brought to life. It was not made when the tMng was fresh in defendant’s mind. Specifically, it was not made at the plea nor when defendant finally reaffirmed his guilt after the Judge had reread to him at the sentence the customary questions put to him by the Judge at the plea of guilty and his answers of guilt given in response thereto. And, all this in the presence of his lawyer, who is now being attacked. (Cf. People v. Marchese, 9 Misc 2d 736.)
Further militating against the veracity of defendant to the detriment of his cause, is that in three prior applications made to the same Judge by way of coram nobis applications in each instance — two made by Mmself directly and the last by an attorney, not the present one, the first two each separately made, one in 1950 and the other in 1951, and the last in 1953 — he made no mention in any one of them of the charge against his lawyer, nor did he make mention of the mysterious letter, *340 dated August 22, 1947, from “A. H.” which I had discussed earlier, nor of his innocence. The only subject brought before the court’s attention in those applications was that the sentence as a second felony offender, imposed upon him by the Judge in 1946, was illegal because the facts did not call for a sentence as a second felony offender. Each of these motions was denied.
Reduced to concise observation, the credibility of defendant, is nil. As revealed by the minutes of the plea and the sentence, the Judge stigmatized defendant as a liar. The prior applications in the Clerk’s file lend substantial confirmation to the Judge’s opinion. Defendant’s lies are' several.
A lie is a lie at all times no matter what the subject may be. (People v. Vasquez, 18 Misc 2d 614, 615, supra.) In the face of the record nothing else can be said than that the allegations of defendant’s petition are palpably untrue, not improbable or unbelievable, but untrue (cf. People v. Palazzola, 18 Misc 2d 619, 622). In consequence, the record must prevail over defendant’s impeached story. (Cf. People v. Mogavero, 9 Misc 2d 197, affd. 7 A D 2d 839; People v. Vasquez, supra.) Surely, in this case, the official record as against defendant’s untruthfulness, emphasizes most strongly the maxim that ‘ ‘ That which is proved by the record ought not to be denied.” (People v. Canfora, 9 Misc 2d 930, 932, affd. 6 A D 2d 781, cert. denied 359 U. S. 918.)
The motion for a hearing is in all respects denied.
The District Attorney is directed to enter an order in conformance with the decision herein and to forward a certified copy to the defendant.