MELDON STEEL CO., INC., Respondent, v. DAWN STEEL CO., INC., Defendant, and LEHMAN AND WATSON, INC., et al., Appellants.—

No opinion. Beldock, Acting P. J., Ughetta, Kleinfeld, Pette and Brennan, JJ., concur.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. FRANCIS FORD, Appellant.—

In 1954, defendant pleaded guilty to the crime of attempted grand larceny in the second degree, and was committed to the Reception Center of the Department of Correction. He now claims that such procedure does not constitute a prior conviction for purposes of section 1941 of the Penal Law because he was committed but never sentenced. The indorsement on the indictment states, " Elmira Reception Centre. Pursuant to law." The minutes of the sentencing court state, " Whereupon, it is Ordered and Adjudged, by the Court, that the said Francis Ford for the felony aforesaid whereof he is convicted be imprisoned and dealt with according to law and sent to the Reception Center of the Department of Correction at Elmira for classification and confinement pursuant to Article 3A of the Correction Law." These records show substantial compliance with the former subdivision 1 of section 61 of the Correction Law (L. 1945, ch. 554, as amd. by L. 1947, ch. 198). Defendant was thus sentenced to an indefinite term of imprisonment and committed to the Reception Center (cf. People ex rel. Rapacki v. Martin, 6 A D 2d 757, affd. 5 N Y 2d 899; People v. Askew, 4 A D 2d 853, 5 A D 2d 756; People v. Colon, 13 Misc 2d 971; People ex rel. Walker v. People, 3 A D 2d 623). Nolan, P. J., Ughetta, Christ, Pette and Brennan, JJ., concur.