Thomas Dickens, J.
On his unsupported petition defendant has, by an attorney, brought this coram nobis motion with the object of having the judgment of conviction vacated and set at naught.
The motivating spur is the late Judge Fkeschi’s allegedly unfulfilled promise of a suspended sentence with probation, in consideration of a compromised plea of guilty.
The minutes of the revised plea are missing from the Clerk’s file; the minutes of the sentence are not.
In opposition to the unsupported allegations of defendant’s petition, the District Attorney has interposed an affidavit with an annexed memorandum of law. As to the effect of such a joinder of issue see People v. Pallante (282 App. Div. 989). And, as to the effect of bare allegations, unfortified see People v. Cruz (202 N. Y. S. 2d 556).
*2 Delving into the recorded facts in the Clerk’s file for the solution of the issue, I find that on January 18, 1938, defendant pleaded guilty before Judge Freschi to the charge of criminally carrying a pistol as a felony, and that on October 7, 1938, the Judge sentenced him to Elmira Reformatory.
At some time during the period from the taking of the guilty plea to the imposing of the sentence thereon, the Judge had permitted defendant to become enrolled, at the expense of his parents, as an inmate of George Junior Republic, a nonpenal institution, situated at Freeville, New York. The underlying aim of this arrangement was hope of rehabilitation. In the meantime the sentence was deferred.
Despite the advantage of having become the recipient of such judicial beneficence, defendant, nevertheless, soon left the institution without permission from the supervising authorities and without the knowledge or the consent of his parents. Eventually, he was apprehended and thereupon returned to the custody of the Court of General Sessions, for further action.
On August 30, 1938, defendant was arraigned for his delinquency before Judge Allen, an Associate Judge, then presiding in Part I of this court. Mr. Halpern, the Chief Probation Officer, who was present at the arraignment, was called upon by Judge Allen to make a statement regarding the situation. He responded, and in part, the response was as follows:
“ The defendant at the bar is awaiting sentence before Judge Fresdhi. He pleaded guilty to carrying a concealed weapon as a felony.
“ On February 15th an agreement was entered into between the defendant and his parents and the Court under which the defendant consented to go to the George Junior Republic, where he was to remain for one year at which time he was to return to the Court for sentence.” (Emphasis supplied.)
After Mr. Halpern had concluded the rest of his main remarks with the statement, “ that the defendant be held in City Prison awaiting the return of Judge Freschi for sentence,” an attorney appearing for defendant and identifying himself as a friend of the family, requested that Judge Allen refer the case to Judge Freschi. (Emphasis supplied.) The request was granted.
Upon rearraignment before Judge Freschi, the following colloquy took place:
‘ ‘ The Court:-I do not think there is anything I can do with you defendant except to send you where I said I would if you do not make good. I have been more patient with you-.
“ Mr. Donegon defendant’s attorney: I am not appearing as counsel. Mr. Kisam is his counsel. I am simply a family friend. *3 As your Honor knows, Ms mother is now disposed to how to whatever your Honor decides should he done, and asking you only to he lenient as you possibly can he under the circumstances. It may be that discipline for a wMle will produce an improvement, and if your Honor can find some means of giving him a sentence which will not he too severe, I know everyone will appreciate it.” (Emphasis supplied.)
These verbatim references, clear, precise, and pointed, undeniably demonstrate that the topic of discussion as to the sentence to be meted out covered only one kind of sentence and no other, namely, a sentence dependent solely on the discretion of the Judge and not one bound legally by agreement or inducement. If it had been otherwise, the attorney would not have pleaded for leniency; would not have suggested disciplinary action, implying thereby incorrigible or recalcitrant conduct; would not have been outspoken in acknowledging that defendant’s mother was bowing to the decision of the Judge; and finally, would not have urged a non-too-severe sentence. Instead, it is justifiable to assume that he would, especially while it was in a fresh state, have called the promise of a suspended sentence to the attention of the Judge and asserted it as a legal right in the interest of defendant (People v. Woodruff, 32 Misc 2d 213), and, if found to be necessary, have taken whatever legal measures that were available in those days to enforce it, and not have allowed such right, carrying with it release from prison confinement, to go by the board and, as a result, to ripen into the likelihood of a waiver. (Cf. People v. Forsyth, 4 A D 2d 1018; People v. Nesbitt, 7 A D 2d 763; People v. Green, 201 N. Y. S. 2d 206, 209.)
It is quite evident that defendant has resorted to the artifice of distraction. Avoiding unquestionable quotations from the minutes, of the kind quoted by me, defendant has, in lieu of quotations of such kind, taken isolated statements made by Judge Freschi and combined them into one mass so as to formulate, with the aid of distortion and warp, a delusive piece of reading intended to carry with it the impression of a judicial promise once made and of such promise later broken. This strategy I consider as pure chicanery, and so, can have no effect as a legal means of upsetting a judgment of more than 23 years, rendered by a Judge now deceased. Consequently, regarding defendant’s misleading version of the facts as being of no material value at all for the purpose of raising any disputable issue to warrant a hearing (People v. Parler, 10 A D 2d 991), I readily accept the written records on file in this court as ‘“unquestionable documentary proof ’ conclusively refuting defendant’s assertions.” (People v. Corcoran, 3 A D 2d 955, *4 956; see, also, People v. Mogavero, 9 Misc 2d 197, affd. 7 A D 2d 839.)
I feel justified, under the circumstances, in characterizing defendant’s story as a fairy tale of recent fabrication. It is not unreasonable to deduct that knowledge of the missing minutes of the revised plea may have given defendant the inspiration for this concoction, although, evidently unknown, to him, the lapse of 23 years has worked as an element to his disadvantage. (See People v. Passante, 22 Misc 2d 11, 13.) Why, even as recently as 1955, no such claim, as now presented, was in any way mentioned in another motion brought by defendant before Mr. Justice Schweitzer, an Associate Judge of this court. In consequence, the full import of defendant’s brazen contrivance of perverted facts leads me to express of defendant, in deserving condemnation, as being one who “ possesses a minimum of scruples in his concern about playing havoc with the truth.” (People v. Ponitz, 22 Misc 2d 325, 327; see, also, People v. Vasquez, 18 Misc 2d 614, 615.)
This extended discussion on so simple a question as is involved here, would ordinarily have been entirely unnecessary if defendant had stuck to the truth. This motion is entirely denied.