Thomas Dickehs, J.
In this handwritten motion for coram nobis relief, defendant advances three reasons why the judgment of conviction, entered upon his plea of guilty in 1948, should be set aside after a hearing.
*539 These alleged reasons are: (a) An unlawful search and seizure; (b) coercion of his confession under constraint of physical force employed by the arresting officer; and (c) fear resulting from the suggestion made by defendant’s counsel that defendant would be electrocuted, if he would not plead guilty to murder, second degree. Frightened, he entered such plea.
Considering these reasons in inverse order, I hold:
1. That the suggestion of the change of plea came solely from defendant’s counsel; therefore, it was ineffective as an inducement in law. If, on the other hand, the inducement had come from the District Attorney, a public officer, in an atmosphere of misconduct or fraud, the law would declare such inducement, if proved, to be illegal. It follows that this reason, in its present state, does not hold water. (Frank, Coram Nobis [1954-1960 Cum. Supp.], p. 13, [36], n. 3.01 [e]; see, also, People v. Brim, 22 Misc 2d 335; People v. Cruz, 202 N. Y. S. 2d 556.)
2. The forced confession, assuming it to have been so, had, however, lost its legal vitality as an effective issue after the entering of the plea of guilty by defendant at the request made by counsel to the court. (People v. De Barros, 1 A D 2d 845; United States v. Sturm, 180 F. 2d 413; People v. Hughes, 10 A D 2d 990.) Besides, the alleged police brutality is not shown to have been the cause of the revised plea. (People v. Gonzalez, 15 Misc 2d 438.) Then again, a prior motion of like kind had been denied by me. (See People v. Williams, N. Y. L. J., Dec. 13,1957, p. 8, col. 4.) And, no appeal has ever been taken from the order of denial. Furthermore, the present motion includes no “ ‘ new or additional evidence ’ ” to warrant a reconsideration of this phase of the motion. (People v. Moore, 210 N. Y. S. 2d 661.)
3. Unreasonable search and seizure, as a reason, also faffs by the wayside, in view of defendant’s plea of guilty, for “ a conviction based on a voluntary plea, of guilty while represented by counsel is a bar to such post-conviction claim of illegal search and seizure.” (People v. Seidenberg, 221 N. Y. S. 2d 761; see, also, People v. Anderson, 8 App. Div. 731; People v. Angelet, 221 N. Y. S. 2d 834.)
As essential factors forming the background of my judgment of the quality of defendant’s credibility, I note that on two separate occasions before, defendant had brought two coram nobis motions, each dated July 15, 1955 and December 7, 1955, respectively, and yet nothing was included in them bearing any semblance of the reasons given here, despite their seeming importance as grievances to him, now. I note also that reputable counsel had appeared for defendant. In my mind then, there *540 is no doubt that defendant had been ably and competently represented. I discount in full, therefore, the verity of the alleged episode relating to the electric chair, and find the guilty plea to have been entered voluntarily. I discount also the verity of the other alleged episodes.
Considering the record of this case in mass, with particular emphasis laid upon the contents of the minutes of the revised plea, dated March 11, 1948, I conclude that defendant’s present story has been vamped up in his mind’s eye, and in doing so, defendant has overreached himself in his attempt to be convincing. Consequently, I give no credence to his story. (People v. White, 309 N. Y. 636, cert, denied 352 U. S. 849.) The motion is denied.