Thomas Dickens, J.
Illegal search and seizure and a confession tainted with coercion induced by police brutality are the reasons advanced by defendant in this coram nobis motion, dated August 8, 1962, for its support, with the aim of these reasons directed at the vitals of the judgment of conviction so as to cause its upset.
The judgment has, since 1951, been predicated upon an avouched plea of guilty to the lesser charge of murder in the second degree, pursuant to a compromise arranged by the trial attorneys who had represented defendant at that time.
In the circumstances of this case, however, neither of the alleged reasons contains the legal vitality necessary to gain juridical favor.
It has been authoritatively ruled that both a compulsory confession and an illegal search and seizure are not valid causes for complaint when a defendant, who is represented by an attorney, takes a voluntary plea of guilty. (See People v. Williams, 33 Misc 2d 538; see, also, Eli Frank, Coram Nobis, p. 96, § 5.02 [a], n. 32, and Cum. Supp.; People v. Nicholson, 11 N Y 2d 1067 [subject: confession].)
By the application of the rule here, it is clear that the plea of guilty by defendant at the time when he was represented by counsel, has had the detrimental effect in law of neutralizing, as contentions, the potency of both the alleged extrajudicial confession wrung from him by force and the alleged search and seizure committed by an illegal invasion of his home, thereby rendering the acts useless as enduring reasons for approved judicial intercession.
A further legal bar in its bearing upon the subject of illegal search and seizure is what the court had said in People v. Hyde (16 A D 2d 942, 943): “ coram nobis [does not] lie to vacate a con *168 viction obtained by proof which, at the time of the trial, was deemed to be constitutional evidence [citing cases].”
The reasoning of this quotation holds good here, in view of the principle of law making a plea of guilty the equal, in effect, of a trial and conviction by a jury. (See People v. Quinn, 8 Misc 2d 546, affd. 5 A D 2d 824.)
And now, a brief remark is apropos on the authenticity of the related incidents. What strikes me as odd is that although several coram nobis motions had at intervals preceded the present one, yet not one word appears in any one of them about these incidents, despite the fact that they were drastic and despite the fact that they had occurred right before the beginning of this prosecution. This leads me to believe that they had never had any actual existence, but instead, that they have been fictitiously created for this occasion. (Cf. People v. Williams, supra.) The motion is denied.