■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. FRED LA FAY, Appellant, v. DANIEL McMANN, as Warden of Auburn Prison, Respondent.—Judgment unanimously affirmed. Memorandum: The requirement that a defendant be asked prior to sentencing " whether he have any legal cause to show, why judgment should not be pronounced against him" (Code Crim. Pro., § 480) is a substantial legal right that cannot be waived. (*People ex rel. Miller* v. *Martin,* 1 N Y 2d 406.) The reply thereto, however, like a plea of guilty, may be made through counsel (cf. *People* v. *Sadness,* 300 N. Y. 69, 73). Herein, defense counsel in response to the allocution replied at length but the court refused to permit appellant to speak except through his attorney, speaking generally, we do not approve the application of such a stringent rule. There remains, however, the issue as to whether resentence is mandated (cf. *People* v. *Sullivan,* 3 N Y 2d 196, 198). We recognize that there are factual settings where the sentencing minutes reveal that the silencing of a defendant may well have worked an injustice and affirmative relief has been granted. (*People* v. *Mohney,* 24 A D 2d 1071; *People ex rel. D'Agostino* v. *Murphy,* 20 A D 2d 756; *People* v. *Freccia,* 16 A D 2d 885.) Such is not this case. The record reveals that the lengthy colloquies by separate defense counsel with the court on two different days related solely to appellant's presentence contention that his attorney (who appeared for him on one of these two occasions) had represented prior to entry of the guilty plea that a specific punishment would be imposed. Inasmuch as the plea empowered the court to impose a greater sentence defendant wanted to withdraw

his guilty plea. In the absence of allegation or proof that either the court or prosecutor had been a party to such an agreement or representation the court properly denied motions for permission to withdraw the plea (*People* v. *Schiskie,* 24 A D 2d 807; *People* v. *Brim,* 22 Misc 2d 335). We conclude that there was substantial compliance with section 480 of Code of Criminal Procedure. (Appeal from judgment of Cayuga County Court, dismissing writ of habeas corpus.) Present — Goldman, P. J., Del Vecchio, Witmer, Gabrielli and Bastow, JJ.