## GROSS v. STATE OF INDIANA.

[No. 27,645.  Filed March 28, 1942.  Rehearing denied
April 20, 1942.]

*Oscar B. Thiel,* of Gary, and *Irving L. Block,* of Chi-
cago, Illinois, for appellant.

*George N. Beamer,* Attorney General, and *Robert E.
Agnew,* Deputy Attorney General, for the State.

RICHMAN, J.—Appellant was charged by affidavit with rape in the first degree upon an eleven year old girl. Represented by an attorney of his own choice he pleaded not guilty, elected to be tried without a jury, and testified in detail to conduct, while he had the child with him in his car, which would, if believed, brand him as a sexual pervert but not establish the crime of rape. He was convicted and sentenced to life imprisonment. Within three days thereafter he filed motion for a new trial in which the only error properly assigned is the sufficiency of the evidence to sustain the finding of the court. This motion having been overruled, another attorney filed in his behalf in the same action a pleading designated "motion and petition for new trial and for writ of error *coram nobis.*" The State's demurrer thereto was sustained. Error is assigned upon these two rulings only.

It is not seriously contended that the evidence was insufficient to sustain his conviction. Certain discrepancies are pointed out as casting doubt upon the girl's testimony but it was sufficient, if believed, to prove the crime charged. Physicians who examined her promptly testified to corroborating facts from which the court could reasonably have inferred that the crime had been consummated. There is therefore no merit in the first error assigned.

Either the revolting story detailed by appellant on the witness stand was false from beginning to end or he made false oath to his petition for the writ of error *coram nobis.* It is not for us nor was it for the trial court, in passing upon the demurrer, to decide whether the facts stated in the petition were true for a demurrer admits the truth of all facts well pleaded.

The petition discloses that the alibi defense he would

make if granted a new trial could have been presented by witnesses available when his case was tried. ■ The writ will not issue to one who has negligently failed to present the facts which if known to the judge would have prevented the judgment. *George* v. *State* (1937), 211 Ind. 429, 433, 6 N. E. (2d) 336, 337, quoting Freeman on Judgments, *Dobbs* v. *State* (1901), 63 Kan. 321, 65 P. 658 (dismissed for want of jurisdiction in [1902], 184 U. S. 697, 46 L. Ed. 764, 22 Sup. Ct. Rep. 940), *State* v. *Boyd* (1928), 117 Neb. 320, 220 N. W. 281, 58 A. L. R. 1283, 1286. Much less should it be granted to a defendant who elects to perjure himself rather than use an honest defense. So it was held in *People* v. *Black* (1928), 89 Cal. App. 219, 224, 264 P. 343, 345.

The fact stated in the petition that his attorney advised the fabrication of the false testimony cannot avail appellant who was a party to the fraud. It ■ appears from the petition that he was 32 years old, married, the father of three children, and had a responsible position as superintendent of a steel mill. He admitted previous experience in court, having served two years in San Quentin prison for conviction of burglary in California and having been convicted of disorderly conduct growing out of a carnival fight in Illinois.

The only cases relied upon by appellant, *People* v. *Charone* (1919), 288 Ill. 220, 123 N. E. 291, *People* v. *Nitti* (1924), 312 Ill. 73, 89, 143 N. E. 448, and *Sanchez* v. *State* (1927), 199 Ind. 235, 157 N. E. 1, show imposition by unscrupulous or incapable lawyers on defendants described in the Nitti case as "ignorant, illiterate foreigners, unacquainted with law or court procedure in this or any other country, . . ." His present counsel stated in oral argument that he is intelligent above the

average. To sustain his contention we would be holding that a defendant is obligated to accept and follow his attorney's instruction in the trial of his case without regard to his own moral and legal duty to respect the sanctity of his oath. To escape the consequences of the most flagrant perjury he would merely have to show that his attorney had violated the criminal statute against subornation of perjury.

As before suggested the trial court did not find that appellant's charges against the attorney were true. He decided merely that assuming their truth for the purpose of passing upon the demurrer appellant was not entitled to a writ of *coram nobis*. The demurrer was properly sustained.

Judgment affirmed.

NOTE.—Reported in 40 N. E. (2d) 333.