## LONG v. STATE OF INDIANA.

[No. 28,911. Filed June 23, 1952.]

---

4 Section 12, Article 1, Indiana Constitution.

*T. Ernest Maholm,* of Indianapolis, for appellant.

*J. Emmett McManamon,* Attorney General; *William T. McClain* and *John Ready O'Connor,* Deputy Attorneys General.

GILKISON, J.—Appellant was charged by affidavit in the court below with the crime of obtaining money by false pretense. He was represented by two lawyers— Robert Buhler and Ralph Miller. On September 13, 1948, upon his arraignment, he entered a plea of not

guilty. On December 2, 1948, the plea of not guilty was withdrawn and a plea of guilty was entered, upon which appellant was sentenced to the Indiana State Prison for a term of not less than one year nor more than seven years, fined ten dollars, and that he satisfy the costs. He was immediately committed to the prison, where he remains.

On November 2, 1951, by another lawyer, appellant filed his verified application for writ of error *coram nobis* on the grounds, (1) that his plea of guilty was entered by his counsel, Robert Buhler, who at the time lead appellant to believe that a suspended sentence, would be given by the court, on condition that defendant would make restitution. (2) that the judge who received appellant's plea ignored Rule 1-11 of the Supreme Court, by failing to cause the court reporter to record the entire proceedings in connection with such arraignment and sentencing including questions, answers, statements made by the defendant and his attorney, if any, the prosecuting attorney and the judge, and promptly thereafter to transcribe the same in form similar to that in general use as a transcript of evidence in a trial, and submit the same to the judge, etc.

Other supposed reasons are stated in the petition which are not of sufficient importance to note further.

A general demurrer to this petition was filed by the state, which was sustained by the court. Appellant refusing to plead further, judgment was rendered against him from which this appeal is taken.

Of course, a general demurrer admits the truth of all well pleaded facts for the purposes of the demurrer.
*Lobaugh* v. *State* (1948), 226 Ind. 548, 551, 82 N. E. 2d 247. *Gross* v. *State* (1942), 220 Ind. 37, 38, 40 N. E. 2d 333.

So each of the averments of the petition, above noted under Nos. 1 and 2, are before us as admitted facts.

The averments contained in No. 1 are not as specific as they might be made, but they are sufficient to indicate that appellant was made to believe that he would receive a suspended sentence if he withdrew his plea of not guilty and entered a plea of guilty. This conduct even on the part of his own attorneys, would amount to a fraud upon appellant, which the trial court should neither allow nor countenance. It is not a sufficient base upon which to found a judgment taking away the right of liberty from a defendant charged with crime. Appellant is entitled to have this averment put at issue by the state and tried by the trial court. The trial court erred in sustaining the demurrer to the verified petition.

Cause No. 2 heretofore noted is not a sufficient cause to justify the issuance of a writ of error *coram nobis*. However, Rule 1-11 is, and since November 4, 1946 it has been a part of the procedural law of the state of Indiana. A trial court that fails to be governed by it thereby imperils the validity of the judgment rendered. *Campbell* v. *State* (1951), 229 Ind. 198, 202, 96 N. E. 2d 876. The position of the State that this rule "does not have to be complied with where a petitioner has previously appeared in person and by counsel and has waived arraignment to enter a plea of not guilty" is untenable. The cases cited—*Nahas* v. *State* (1927), 199 Ind. 117, 121, 155 N. E. 259 and *Meyers* v. *State* (1901), 156 Ind. 388, 59 N. E. 1052—do not support the state's position. When the court authorized the withdrawal of the plea of not guilty, and allowed the plea of guilty, Rule 1-11 became mandatory upon the trial judge. *Campbell* v. *State* (1951), 229 Ind. 199, 202, 96 N. E. 2d 876, *supra*.

For the error in sustaining the demurrer to the petition, the judgment of the trial court is reversed with instructions to overrule the demurrer.

NOTE.—Reported in 106 N. E. 2d 692.