The People of the State of New York, Respondent, v. Louis F. King and William H. Green, Appellants.— Appeals from orders of the County Court, Albany County, denying without a hearing each defendant's motion in the nature of a writ of error *coram nobis* to vacate a judgment rendered by said court on March 7, 1932, convicting him of the crime of murder in the second degree upon his plea of guilty and sentencing him to prison for a minimum term of sixty years and a maximum term of life. Each application for *coram nobis* is based upon these grounds: (1) that there was a delay of twenty-seven days between arrest and arraignment; (2) that the confession was obtained by force; (3) that defense counsel induced the plea of guilty by misrepresenting that the length of the sentence would be twenty years to life, and (4) that the District Attorney participated in the misrepresentation which induced the plea of guilty. With full knowledge of the alleged delay in arraignment and of the manner in which his confession was obtained, each defendant chose not to litigate any issues arising therefrom but to enter a plea of guilty to a lesser crime than charged by the indictment. Litigation, now, of those issues need not be required. A prediction or representation by a defendant's counsel of the length of the sentence to be given, even if erroneous, does not furnish ground for vacating a judgment of conviction more than twenty years after the event. However, if a District Attorney, an officer of the State, induces a plea of guilty by a promise of a light sentence which is not fulfilled, the judgment of conviction is not based upon due process of law. Each defendant swears that his plea of guilty was "induced by fraud and misrepresentation" on the part of his lawyer "and the prosecutor". However, this is not a statement of fact but a legal argument. Elsewhere in each application it is stated that the defendant was "induced" to plead guilty by the promise of his lawyer "based upon his given assurance of the fraternal promise of the District Attorney" of a light sentence. However, it is not stated

that the District Attorney promised any result but rather counsel's "given assurance" is stated. To raise a triable issue, the defendants should swear plainly to some fact in support of their claim that the District Attorney participated in the misrepresentation which induced their pleas. Orders unanimously affirmed without prejudice to a renewal of the applications on showing facts sufficient to warrant a trial. Present — Bergan, J. P., Coon, Halpern, Imrie and Zeller, JJ.