■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ARLUS BRADY VANCE, Appellant.— This is an appeal from an order of the Supreme Court, Saratoga County, entered in Warren County, which denied without a hearing the appellant's motion in the nature of a writ of error *coram nobis* to set aside his conviction on a plea of guilty to the crime of murder in the second degree on the ground that he had not been represented by competent counsel. The appellant was indicted for the crime of murder first-degree on October 16, 1948 and arraigned on October 18, 1948 at which time he was assigned counsel. The appellant pleaded guilty to the crime of murder in the second degree on November 19, 1948 and received a sentence of not less than 20 years nor more than life. The appellant's motion below was supported by his own affidavit in which he stated he had not been represented by competent counsel. The District Attorney submitted an affidavit in opposition to the effect that the appellant had been represented by competent and experienced counsel and, in support of this, the affidavit of the assigned counsel was submitted stating the time and effort which he had put forth in the defense of the appellant. In this court the appellant has dropped the argument that he was not represented by competent counsel and

now argues that the conviction should be set aside on the ground that he was informed by his counsel that he would receive a maximum sentence of 20 years, if he pleaded guilty to murder in the second degree. The remedy of *coram nobis* is available when there has been an abrogation of the defendant's fundamental constitutional rights which does not appear in the record. Where the defendant is induced by fraud or misrepresentation on the part of the court or the prosecutor to enter a plea of guilty it is clear that the conviction is not based on due process of law. In a situation such as is here presented where the appellant claims he was misled by his assigned counsel into believing that, if he plead guilty, the maximum sentence he would receive was 20 years, when in fact he got 20 years to life, our courts have uniformly held that the remedy of *coram nobis* is not available. (*People* v. *King,* 284 App. Div. 1015; *People* v. *Weil,* 281 App. Div. 1054; *People* v. *Codarre,* 285 App. Div. 1087; *People* v. *Turman,* 279 App. Div. 983.) It appears from the record that the appellant was assigned competent and experienced counsel who performed a thorough job in the appellant's defense and who perhaps saved the appellant from a much more severe penalty than that which he received. It certainly does not appear that the appellant was deprived of his fundamental constitutional rights. Order affirmed, without costs. Foster, P. J., Bergan, Gibson and Reynolds, JJ., concur; Herlihy, J., taking no part.