Thomas Dickens, J.
Petitioner’s application by way of writ of error coram nobis poses this not unusual question: Does a motion of this kind lie after conviction by a plea of guilty agreed to by defendant on the faith of a promise of a specific sentence when made by the District Attorney, not, however, to defendant but to his lawyer, and thereafter broken when the sentencing Judge meted out a higher sentence?
Defendant asserts that his plea of guilty to the crime of murder in the second degree came to pass after his lawyer had assured him that the promised sentence would be 20 years to life. This assurance was the motivating reason that induced him to succumb to a change of his plea of no't guilty to one of guilty. In lieu of the promised sentence aforestated, the Judge imposed a different sentence carrying cumulative punishment of 30 years to life.
It should be noted here that nowhere in defendant’s application is there any charge of fraud, misrepresentation, or coercion lodged against either the Judge or the District Attorney. (See People v. Vance, 7 A D 2d 661.) The only statement by defendant having any semblance in this direction, to wit, 1‘ misrepresentation had taken place before the plea, and had in fact induced the plea,” clearly proves itself abortive, being vague and conclusory, and besides, aimlessly directed.
The upshot of my careful examination of petitioner’s moving papers is that I find therein nothing of any factual merit as proof that the District Attorney had promised defendant anything. His lawyer’s assurance in this respect amounts to naught in law as an element having any binding effect upon the District Attorney.
A case apropos to the situation at bar is People v. King (284 App. Div. 1015). In this citation, the court made this observation (284 App. Div. 1015): “A prediction or representation by a defendant’s counsel of the length of the sentence to be given, even if erroneous, does not furnish ground for vacating a judgment of conviction
*710 And this (Id.): 16 in each application it is stated that the defendant was 1 2induced ’ to plead guilty by the promise of his lawyer ‘ based upon his given assurance of the fraternal promise of the District Attorney ’ of a light sentence. However, it is not stated that the District Attorney promised any result but rather counsel’s ‘ given assurance ’ is stated. To raise a triable issue, the defendants should swear plainly to some fact in support of their claim that the District Attorney participated in the misrepresentation which induced their pleas.” (Italics supplied.) (See, also, Eli Frank, Coram Nobis [1954-1957 Cum. Supp.], p. 4 [bottom] et seq., and the annotated citations therein, particularly People v. Hasenstab, 283 App. Div. 433, wherein various authorities are collated and discussed; also People v. Vance, supra.)
In consequence, the question posed in the first instance must be answered No, leaving the presumptions of the validity and the justice of the sentence intact and prevailing. (See People v. Sloan, 181 Misc. 822; Ballentine’s Law Dictionary [Eng. Trans.], pp. 995 [bot.] — 996 [top].)
The motion is denied.
The District Attorney is directed to enter an order in conformance with the decision herein and to forward a certified copy to defendant.