Albert Leroy PETERSON, Appellant,

v.

STATE of Missouri, Respondent.

No. 54358.

Supreme Court of Missouri,
Division No. 2.

July 14, 1969.

Motion for Rehearing or to Transfer to Court
En Banc Denied in Per Curiam Opinion
Sept. 8, 1969.

**674**

John R. Moore, Platte City, Attorney at Law, for appellant.

John C. Danforth, Atty. Gen., Alfred C. Sikes, Asst. Atty. Gen., Jefferson City, for respondent.

STOCKARD, Commissioner.

On April 27, 1966, Albert Leroy Peterson (hereafter referred to as defendant) entered a plea of guilty to the charge of burglary second degree and stealing during the commission of the burglary. He was sentenced to imprisonment for ten years for each offense, the sentences to run concurrently. He subsequently filed a motion under Supreme Court Rules 27.25 and 27.26, V.A.M.R., in which he alleged that his court appointed counsel acted incompetently and treacherously against him, the sentence was excessive, and the guilty plea was not voluntarily and understandingly made. After an evidentiary hearing the trial court reduced the sentence for stealing to five years, directed that it run concurrently with the sentence of ten years for burglary, and overruled the motion in all other respects. Defendant has appealed.

The only contention on appeal is that the trial court erred in refusing to permit defendant to withdraw his plea of guilty because it was not freely and voluntarily made with an understanding of the nature of the charge.

At the time defendant appeared for arraignment he was represented by appointed counsel, Mr. David R. Clevenger, a former judge of the circuit court in which defendant's case was pending. The reading of the information and formal arraignment was waived. Counsel then advised the court, in the presence of defendant, that he had conferred with defendant and that defendant desired to enter a plea of guilty. Counsel stated that defendant "frankly admits his guilt here, and also very frankly and freely has admitted to me that he has been on four other occasions guilty of infractions of the law." Counsel then commented on the other offenses, and made a plea to the court for leniency. The court commented that it was not going to impose the maximum penalty "because of the plea of your counsel," and it asked counsel if there was any reason why sentence should not be imposed, and was told there was not. The court then asked defendant if he had any reason why sentence should not be imposed and he replied that he did not. The court then announced the sentence of ten years for burglary and ten years for stealing (subsequently corrected to five years) and directed that the sentences run concurrently and not consecutively. After pronouncing judgment the court commented to defendant: "Young man, I believe you've been there [penitentiary] before, and you can go down there and behave yourself if you so desire. It's up to you." Defendant replied, "I'll have plenty of time to think it over sir." We note, however, that the court's admonition was not heeded because defendant testified at the hearing on the motion to withdraw his plea of guilty that while at the penitentiary he had been sentenced to additional imprisonment for three years for an attempted escape.

At the hearing on his motion defendant testified that his plea of guilty was "coerced through [his] counsel" because he led defendant to believe that he would "plead guilty for five years." Defendant also testified that his counsel told him that he "didn't have much of a case, that there just wasn't no hope for me, the best thing that I could do—because I had felony convictions on my record, and the best

thing I could do was to go over there and plead guilty. And he told me that he had talked to Mr. Don Witt, the prosecuting attorney; that him and Mr. Witt were ready to come over here and let me plead guilty for five years." In the process of restating the substance of the above testimony, defendant testified that his counsel told him that he had investigated the case and defendant did not have "much of a case" because he "was supposed to have been caught inside the building by the police." Defendant did not testify that this was not correct, and we note that the transcript contains two confessions signed by defendant in which he admits committing both the burglary and the stealing with which he was charged. Defendant also testified that his counsel told him that if he "took [the case] to a jury trial, that they would probably file" under the habitual criminal act, and that although his counsel did not tell him that "the habitual in this state carried a life sentence" he had the impression it did because that was true in New York and Kansas, and he had "been in the penitentiary" and had "heard other people talk about it." He later testified that his counsel told him that if he was charged under the habitual criminal act he "could be sentenced to fifteen or twenty years," and that on the day of the trial his counsel came out of the judge's chambers and "took [him] in there and told [him] that five years was still in effect if [he] wanted to take it," and that if he did not he would have to "lay in the county jail * * * five or six months, something like that."

On cross-examination defendant admitted that he previously had pleaded guilty to four separate offenses, and that he had been told and he knew that under a guilty plea his attorney had no authority to bind the judge as to the sentence, and that he knew that when he entered his plea of guilty to burglary and stealing, but he was "under the impression" that he would receive five years. In reply to questions by the court, defendant testified that he knew that only the court could determine the sentence, but that because of his "cooperation and everything" he thought he would get "a lighter sentence." However, he admitted that he had not talked to either the court or the prosecuting attorney about it. Defendant also testified that the court had asked him if he knew the maximum sentence he could receive by pleading guilty, that he did know the maximum sentence, and that he persisted in his plea.

Defendant's father and mother also testified, the substance of which was that they had talked to defendant's counsel and were told by him that if defendant entered a plea of guilty his sentence would be from four to six years. His father also stated that he advised defendant to plead guilty because "of his record, and he was caught right in the act," but he stated that he did not tell defendant his counsel said he would receive four to six years.

At the conclusion of the evidence, defendant's appointed counsel at the hearing on his motion to vacate the judgment and sentence asked him if he had any other testimony. Defendant stated that he would like to hear "what Mr. Clevenger has to say." It was then pointed out that Mr. Clevenger was at the Mayo Hospital in Minnesota, and when asked if he desired that Mr. Clevenger be called as a witness at some later time, defendant replied, "I don't believe so."

The trial court found that although defendant testified that he entered a plea of guilty because his counsel informed him that he would receive a sentence of five years, he also admitted that he knew his attorney had no authority to bind the court as to the sentence on a plea of guilty, and that he had not been promised by the prosecuting attorney, or by anyone in the sheriff's office, or by the court that his sentence would be five years. The court also observed that defendant was given the opportunity to call Mr. Clevenger as a witness in his behalf, but he declined to do so. The court concluded that defendant was not misled in entering his plea of guilty, that defendant knew the court could

sentence him to a greater total period than ten years, and that he entered his plea voluntarily and knew the consequences of his plea.

We are of the opinion that the investigation shown by the record to have been made by the trial court in this case prior to the acceptance of defendant's plea of guilty was not as broad and conclusive as contemplated by Supreme Court Rule 25.04, V.A.M.R., an understandable omission in view of the trial court's personal knowledge of the ability and integrity of defendant's counsel. However, the fact that the record does not demonstrate a substantial compliance with Rule 25.04 at the time the plea was accepted does not necessarily require, upon application by defendant, that the plea of guilty be set aside. State v. Mountjoy, Mo., 420 S.W.2d 316, 323; Drew v. State, Mo., 436 S.W.2d 727. A defendant may not by reason of Rule 27.25 withdraw his plea of guilty as a matter of right, State v. Skaggs, Mo., 248 S.W.2d 635, 636, and the defendant has the burden to prove by a preponderance of the evidence (Rule 27.26(f)) the facts alleged in his motion which demonstrate that manifest injustice resulted from the acceptance of his plea of guilty. In determining this issue the trial court is necessarily clothed with that discretion exercised by a trial court when acting as the trier of facts, and on appeal the review is limited to a "determination of whether the findings, conclusions and judgment of the trial court are clearly erroneous." Rule 27.26(j); Drew v. State, supra.

In this case it would be helpful to have had the testimony of Mr. Clevenger, either as a witness for defendant or the state. However, he was not immediately available, and the defendant indicated that he did not desire to call him, perhaps because of the necessary delay in the submission of the case or perhaps because defendant did not believe his testimony would have been favorable to his contention. In any event, on this review we must accept the record as it was made.

The trial court, as the trier of the facts, may believe or disbelieve all or any part of the testimony. It is in far better position than this court to judge the credibility of a witness. On review we give due regard to the opportunity of the trial court to hear the witness and observe his demeanor on the stand, and we defer to its determination of credibility unless it clearly and convincingly appears that it has abused its discretion. Although the court may decide a fact issue adversely to movant upon the uncontradicted testimony of movant on the basis of credibility, Walster v. State, Mo., 438 S.W.2d 1, the determination by the trial court in this case as evidenced by its findings did not rest solely on that basis. Apparently the trial court did not believe defendant when he testified, in effect, that he entered a plea of guilty solely because his counsel had caused him to believe he would be sentenced to no more than five years. But, the court also found that defendant knew that the court and not counsel determined the punishment, that defendant knew that his counsel had no authority to and could not bind the court as to the punishment, that defendant knew that the court could have imposed a greater sentence, and further that defendant admitted that he had not been promised by the court, the personnel of the sheriff's office, or the prosecuting attorney, that his sentence would be five years. These findings were supported by the evidence, and from them the trial court could find that defendant voluntarily entered his plea of guilty with a full understanding of the nature of the charge. It is on the basis of these findings by the court that this case is to be distinguished from State v. Rose, Mo., 440 S.W.2d 441. Under these circumstances it cannot reasonably be said that the finding of the trial court was clearly erroneous.

The judgment is affirmed.

BARRETT and PRITCHARD, CC., concur.

PER CURIAM.

The foregoing opinion by STOCKARD, C., is adopted as the opinion of the Court.

All of the Judges concur.

PER CURIAM.

In a motion for rehearing or in the alternative to transfer to the court en banc, filed pro se, defendant asserts that he did not authorize his court appointed counsel on this appeal to waive or fail to present for appellate review the contention that his counsel at the time he entered his plea of guilty "acted incompetently and treachously (sic) against him."

In the principal opinion we set forth all the evidence presented at the hearing on the motion to vacate which could possibly relate to the above claim. It clearly establishes the correctness of the finding of the trial court that there was no merit to that contention.

The motion for rehearing or in the alternative to transfer is denied.