Ronnie Lee FREEMAN, Appellant,

v.

STATE of Missouri, Respondent.

No. 54078.

Supreme Court of Missouri,
Division No. 1.

Oct. 13, 1969.

———————◆———————

Winston Cook, Cook & Vetter, Jefferson City, for appellant.

John C. Danforth, Atty. Gen., Gene E. Voigts, First Asst. Atty. Gen., Jefferson City, for respondent.

WELBORN, Commissioner.

Ronnie Lee Freeman, on a plea of guilty in the Cole County Circuit Court, was sentenced to ten years' imprisonment for statutory rape. He sought relief from the conviction under Criminal Rule 27.26, V.A. M.R., on the grounds that his plea of guilty was not entered voluntarily. After a hearing the trial court found the issue against the movant and he appealed.

On this appeal, the contention is that the trial court's ruling was erroneous because the evidence showed that the plea of guilty was the result of the post-arrest treatment of the appellant and the ineffective representation by his counsel.

Freeman was arrested in Kansas City on June 22, 1966, on a charge of statutory rape upon a 14-year-old girl in Jefferson City on June 21, 1966. He appeared in the Cole County Magistrate Court on June 23. On June 24, upon a waiver of preliminary hearing, he was bound over to the Cole County Circuit Court. On July 11, he appeared in that court and Mr. Tweedie Fisher of the Cole County Bar was appointed to represent the defendant. On September 6, the defendant and his attorney appeared in the Cole County Circuit Court, where the defendant entered a plea of guilty to the offense charged and received a ten-year sentence. The defendant had previously been convicted of offenses in New Mexico, Colorado and Missouri.

The essence of the appellant's complaint is that he was suffering some degree of mental confusion at the time of his plea, his mental state having arisen from the combination of a head injury in an auto accident in April, 1965, a sense of frustration from the denial of his request relative to the procedures involved in his arrest and confinement, and his attorney's failure properly to prepare a defense against the charges of which he was not guilty and the attorney's insistence that he plead guilty rather than stand trial.

The appellant's own testimony, with the corroborating testimony of his two fellow-convict witnesses, might have afforded a

basis for a finding that he now argues should have been made by the trial court. However, we do not substitute our findings for those of the trial court. If the findings that the defendant was not mentally unsound or incompetent at any stage of the proceedings, that the appellant's attorney did not coerce the plea, and that the attorney "did a pretty good job representing him" and did not deceive or mislead appellant in any way into entering the plea, are supported by substantial evidence in the record, there is no basis for our concluding that the judgment below was clearly erroneous. Criminal Rule 27.26(j), V.A.M.R.

Support for the trial court's findings is to be found in the testimony of witness Fisher. His testimony on some matters was at odds with that of the appellant, but the conflict in the evidence was resolved by the trial court against the appellant and we find no basis for the rejection of such decision.

Mr. Fisher testified that he was experienced in handling criminal cases, having participated in some twenty-five cases prior to his appointment in this case. He testified that, upon his appointment, he conferred with appellant on four occasions for a total of approximately two hours. He testified that, after his first conference, he examined the file of the prosecuting attorney, including police report and a statement of the physician who examined the victim. He showed the documents to Freeman and discussed their contents with him. Fisher testified that he discussed the case with some of the witnesses whose names were endorsed on the information, including the Cole County juvenile officer. He acknowledged that he had not interviewed people in Kansas City, named by Freeman as offering an alibi. His explanation was that he was awaiting Freeman's decision whether to stand trial and that he told Freeman, if he elected to stand trial, he would make every effort to contact the suggested witnesses. He stated that he discussed the essentials of the offense with Freeman and the range of punishment and explained the alternatives available by way of trial procedures.

Fisher testified that, on September 6, when the plea was entered, the case was on the docket for setting but was not set for trial. Fisher told Freeman that he had discussed the case with the prosecuting attorney who was agreeable to a ten-year sentence and told Freeman that the decision whether to plead guilty must be made by him. Fisher stated that he did not recommend or urge such a plea, but that the final decision was that of the defendant.

Fisher testified that he was aware of no mental or emotional problem of the defendant. He stated that the defendant referred to an automobile accident in which he had injured his head. Freeman never asked him to get medical assistance while he was in the Cole County jail. Fisher found Freeman's memory good and that he understood what his attorney told him. Fisher also stated that Freeman appeared to understand what the court said to him when the guilty plea was entered. At that time Freeman told the court that he understood the charge, its seriousness and the extent of the punishment explained to him by the court. Fisher stated that he observed no differences in the defendant at the time of the 27.26 hearing from his appearance in July to September, 1966.

With this evidentiary support for the trial court's findings, we need not detail the testimony relied upon by appellant, contrary to the court's finding. Appellant complains of the failure of arresting officers in Kansas City to take him before a magistrate there and the denial of his right to make a telephone call. He also complains of the failure of the magistrate judge in Cole County to appoint an attorney for his preliminary hearing. Such preliminary matters would not go to the voluntariness of the plea of guilty. He

denies that he waived a preliminary hearing, but the record of the magistrate court showed that he did so. He asserts that, because of the injuries received in the automobile accident, he had been taking medication, including drugs, but that he was unable to obtain medical assistance while in jail, except for a brief time, the witnesses who corroborated Freeman's testimony about his mental confusion at the time of his trial were long-time prison acquaintances of the movant. The trial court was not required to believe either Freeman or his witnesses on this score. Nor was the trial court required to accept Freeman's condemnation of his attorney's efforts. The trial court saw fit to reject Freeman's testimony and there is evidence supporting the court's findings.

The authorities relied upon by the appellant are inapplicable in the posture of this appeal. The general principles which they enunciate are clear, but not here controlling. Cases presenting somewhat related factual situations are distinguishable. Particularly, State v. Rose, Mo. Sup., 440 S.W.2d 441, involved a finding by the trial court which was unclear on the inducement by counsel of a plea of guilty. Here the finding of the trial court was clear that there was no such inducement. Martin v. Virginia, 4th Cir., 365 F.2d 549, involved a same day indictment, appointment of counsel and plea of guilty.

The trial court's findings certainly are not clearly erroneous and must be affirmed.

Judgment affirmed.

HOUSER and HIGGINS, CC., concur.

PER CURIAM:

The foregoing opinion by WELBORN, C., is adopted as the opinion of the Court.

All of the Judges concur.