George Wesley GOODLOE, Movant-Appellant,

v.

STATE of Missouri, Respondent.

No. 56948.

Supreme Court of Missouri,
Division No. 1.

Oct. 9, 1972.

Motion to Transfer to Court En Banc
Denied Nov. 13, 1972.

Edward P. Speiser, Richard E. Martin, St. Joseph, for movant-appellant.

John C. Danforth, Atty. Gen., Preston Dean, Asst. Atty. Gen., Jefferson City, for respondent.

JOHN M. CAVE, Special Judge.

Appellant, on his plea of guilty to a reduced charge of murder in the second degree, received a sentence of 15 years in the Department of Corrections. Thereafter, he filed a motion to set aside the judgment and sentence therein under Supreme Court Rule 27.26, V.A.M.R. The trial court, after an evidentiary hearing, denied relief. We affirm.

The appeal having been lodged in this court prior to January 1, 1972, the effective date of new Article V of the Constitution, we have jurisdiction pursuant to then Art. V, § 3, of the Constitution of Missouri, V.A.M.S.

Movant was charged with murder in the first degree and was represented by three court-appointed competent counsel, who consulted with him often and conducted an exhaustive investigation of the case. On May 22, 1970, movant appeared in court with his attorneys and, after amendment of the information to reduce the charge to murder in the second degree, entered his plea of guilty thereto. Movant was advised by the court that he had the right to jury trial and the right to have all witnesses appear in person to testify; but that on a plea of guilty there would be no jury trial, there would be no appearance by the witnesses, and that the court would assess what it felt to be an appropriate sentence. Movant acknowledged that he understood and that he wanted to plead guilty. The court found that his plea was voluntary and that the statement of facts as given by movant showed him to be guilty of murder in the second degree.

On November 30, 1970, this motion was filed to set aside judgment, and sentence on two grounds: a) that movant was mentally incompetent to plead guilty, did not understand the consequences of his plea, incarceration from arrest to sentence (268 days) caused "mental duress" and strain on his mental capacities, and through fear of receiving more time if he didn't plead guilty he did enter a plea of guilty through mental coercion, all of which rendered his plea involuntary; and b) that the information was insufficient to charge murder in the second degree. At the evidentiary hearing on this motion, an additional ground was added by amendment: c) that no allocution was granted.

In support of his contention that his plea of guilty was involuntary, movant testified that at the time of his plea he was 31 years of age, with a tenth-grade education, no criminal record, no jail experience, no knowledge of parole procedure, one of his appointed counsel told him if he went to trial he would get life but that the prosecutor would recommend 15 years if he would plead guilty (to a reduced charge), and that another of his appointed counsel told him that since he had no prior criminal record he would make parole the first time he came up.

As a witness for the State, Mr. Maurice Pope, one of movant's court-appointed counsel, testified to the exhaustive and diligent preparation of movant's case, that no promise of an early parole was made, that movant was told of the possibility of a life sentence because the nature of the charge required either life or death in the event of conviction, and that in his judgment as an experienced trial lawyer the probability of conviction was great.

After the hearing on movant's motion, the court found in substance that movant's only contention was that his plea was in-

voluntary because he believed that he would spend less time in the penitentiary on a plea of guilty to murder in the second degree than if he stood trial for murder in the first degree, and that he had subsequently changed his mind; that he relied on his attorneys' advice, and that such advice was sound; that his attorneys did not promise a parole the first time he "came up" but merely expressed an opinion; that movant did understand the consequences of his plea of guilty in that there would be no jury trial and that he would be imprisoned; that the information was sufficient to charge murder in the second degree; and that movant was not entitled to allocution.

■ With commendable candor, counsel acknowledge that the information is sufficient to charge murder in the second degree and that on a plea of guilty allocution is not required.

■■ The burden in this case is upon movant to establish his grounds for relief by a preponderance of the evidence. Rule 27.26(f), V.A.M.R. The trial court is the trier of fact and is in a better position to judge the credibility of witnesses and the weight of the evidence. Due deference will therefore be given the findings of fact of the trial court and its judgment will not be disturbed unless it is a clear and convincing abuse of discretion. Peterson v. State, Mo., 444 S.W.2d 673; Drew v. State, Mo., 436 S.W.2d 727. The evidence at the hearing on the motion and at the time of the plea of guilty is more than ample to support the judgment of the trial court herein with reference to the findings of fact.

■ Any statement relative to the possibility of a life sentence in the event of conviction cannot be considered as duress or coercion because such would be a true recital concerning the range of punishment. Vaughn v. State, Mo., 443 S.W. 2d 632. The findings of the trial court, supported by ample evidence, are that no promise was made by counsel for movant, and that any statements relative to the possibility of a life sentence or to a parole were an expression of opinion only. It was the failure of the record in State v. Rose, Mo., 440 S.W.2d 441, to provide a clear finding as to a promise, or lack of a promise, by defendant's counsel that caused the case to be reversed and remanded for the making of such a finding. There is no evidence in this case, as there was in State v. Hovis, 353 Mo. 602, 183 S.W.2d 147, of any statement or conduct on the part of the prosecuting attorney which might have misled movant herein to enter an involuntary plea of guilty, and certainly no evidence of duress or coercion by the State. Neither was there a failure of the trial court herein to make an affirmative finding, based upon the evidence, that movant's plea was in fact voluntary. The defect in State v. Smith, Mo., 421 S.W.2d 501, which required reversal was not present in this case. Finally, a plea of guilty to escape a greater penalty than might be assessed in a jury trial is not involuntary. Brady v. United States, 397 U.S. 742, 90 S.Ct. 1463, 25 L.Ed.2d 747; Moore v. State, Mo., 461 S.W.2d 881; Fleck v. State, Mo., 443 S. W.2d 100. The conclusions of law of the trial court are therefore not only supported by, but are compelled by, proper authority.

The judgment is affirmed.

HOLMAN, P. J., and SEILER, J., concur.

BARDGETT, J., not sitting.