SMITH, J., concurs in result.

---

**Raymond Leroy SMITH a/k/a David Smith, Movant-Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 39348.**

Missouri Court of Appeals, St. Louis District, Division One.

June 6, 1978.

Stephen C. Benton, Clayton, for movant-appellant.

John D. Ashcroft, Atty. Gen., Daniel F. Lyman, Asst. Atty. Gen., Jefferson City, for respondent.

McMILLIAN, Judge.

Appellant David Leroy Smith appeals from an order entered by the circuit court of the City of St. Louis denying, after an evidentiary hearing at which appellant was present and represented by counsel, his Rule 27.26 motion to vacate and set aside a judgment of conviction entered upon guilty pleas to three counts of robbery in the first degree with a dangerous and deadly weapon. The trial court denied appellant's request for a presentence investigation.[1] The

1. ABA Standards Relating to Sentencing Alternatives and Procedures § 4.1 suggests that the legislature should supply all courts trying criminal cases with the resources and supporting staff necessary to permit a presentence investigation and a written report of its results in every case. According to the ABA Standards, the court should be explicitly authorized by statute to call for such an investigation in *every* case where incarceration for one year or more

trial court sentenced appellant to a term of fifteen (15) years imprisonment for each count, said terms to be served concurrently.

On December 11, 1975, appellant filed a motion to vacate, set aside or correct judgment pursuant to supreme court rule 27.26. The basis of appellant's motion was that his plea of guilty had not been voluntarily entered and that he had not had the effective assistance of counsel.

On June 21, 1976, an evidentiary hearing was held on appellant's motion before a different judge in view of the allegations made in the motion. The trial court denied the motion on May 25, 1977. The denial of appellant's motion is the basis of this appeal.

Appellant's first contention is that his guilty plea was not freely and voluntarily made because he was threatened by the Honorable Judge Tillman with consecutive twenty-five year sentences if he went to trial. We disagree. The transcript of the guilty plea proceeding demonstrates substantial compliance with Rule 25.04, V.A. M.R. This rule requires a guilty plea to be taken only after it has been established that appellant is voluntarily and knowingly entering his plea. Appellant was represented by counsel, acknowledged that he understood his right to trial by jury, the range of punishment, absence of threats or promises and that he was pleading guilty because he was guilty. In *State v. Reese,* 481 S.W.2d 497, 500 (Mo. banc 1972) the court held:

> Where the trial court complies with rule 25.04 and does not accept the guilty plea until it is first determined the plea is made voluntarily and with understanding of the nature of the charge, then, of course, there can be no manifest injustice of the sort here involved, because the giving up by defendant of the right to a jury trial, the presumption of innocence, confrontation of witnesses, and privilege against compulsory self-incrimination—

all concomitants of pleading guilty—is done voluntarily and knowingly.

Appellant claims that Judge Tillman made a coercive statement which influenced him to plead guilty. Yet, there was no evidence to substantiate this claim. Judge Tillman asserts that no such statement was made. There is a conflict in appellant's testimony which calls into question the veracity of his contention. Appellant's attorney testified just as equivocally as appellant. The attorney stated that he remembered only one situation with the judge present and he was unsure as to whether this was the case. If, however, this was the case, the attorney's testimony is that there was a *suggestion* that appellant should consider entering a guilty plea. The attorney further stated that he agreed with the judge in that the trial would result in conviction and in a more severe sentence than would be forthcoming if appellant pled guilty.

It is within the court's discretion to believe or disbelieve the credibility of the witnesses.

> The trial court, as the trier of the facts, may believe or disbelieve all or any part of the testimony. It is in a far better position than this court to judge the credibility of a witness. On review we give due regard to the opportunity of the trial court to hear the witness and observe his demeanor on the stand, and we defer to its determination of credibility unless it clearly and convincingly appears that it has abused its discretion.

*Peterson v. State,* 444 S.W.2d 673, 676 (Mo. 1969).

As a result of these inconsistencies, appellant failed to meet the burden of proof required under Rule 27.26, V.A.M.R.

A defendant may not by reason of rule 27.25 withdraw his plea of guilty as a matter of right, *State v. Skaggs,* 248 S.W.2d 635, 636 (Mo.1952), and the de-

is a possible disposition, where the defendant is less than [21] years old, or where the defendant is a first offender, unless the court specifically orders to the contrary. In the present case any possible reason for denying such a pre-sen-

tence investigation is unknown to this court. The trial court should obtain all available information before making any decisions regarding sentencing.

fendant has the burden to prove by a preponderance of the evidence (Rule 27.-26(f)) the facts alleged in his motion which demonstrate that manifest injustice resulted from the acceptance of his plea of guilty. *Peterson v. State,* 444 S.W.2d 673, 676 (Mo. 1969).

Review of the trial court's decision as to whether to permit withdrawal of his plea is limited. In *State v. Edmundson,* 438 S.W.2d 237, 242 (Mo.1969), the court held:

The exercise of the power to set aside a judgment of conviction and to permit the defendant to withdraw his plea of guilty is discretionary with the trial court and its action should not be disturbed on appeal except for an abuse of such discretion. *State v. Arnold,* 419 S.W.2d 59, 61 (Mo.Sup.1967); *State v. Parker,* 413 S.W.2d 489, 493 (Mo.Sup. banc 1967).

Assuming, arguendo, that the trial judge made a statement regarding a possible sentence, this does not necessarily constitute a threat, causing an involuntary guilty plea. A plea to escape a greater sentence than might be assessed in a jury trial is not involuntary. *Wright v. State,* 549 S.W.2d 554, 558 (Mo.1977). Furthermore, if the statement made was a true indication of the possible sentence, this is not tantamount to coercion. *Goodloe v. State,* 486 S.W.2d 430, 432 (Mo.1972). In *Bonner v. State,* 535 S.W.2d 289, 294 (Mo.1976), the court held:

The fact that the court indicated to counsel that he would sentence movant to consecutive terms if he was found guilty, under the facts as he then knew them, was an honest expression of his present state of mind. It could only assist movant's counsel in assessing his client's position.

Therefore, no manifest injustice was caused by the appellant's belief that he would receive a longer sentence if he pled guilty than if he went to trial.

Appellant next contends that he was not furnished effective assistance of counsel because his attorney did not take a change of venue and permitted the Judge to threaten appellant. In light of this court's finding that no threats were made, this allegation has no merit.

Accordingly, the judgment is affirmed.

CLEMENS, P. J., and SMITH, J., concur.