**John Delbert HORN, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 30580.**

Missouri Court of Appeals,
Western District.

Oct. 1, 1979.

Lloyd F. Dieckman, Kansas City, for appellant.

John D. Ashcroft, Atty. Gen., Jefferson City, Hope E. Thurrott, Sp. Asst. Atty. Gen., Kansas City, for respondent.

Before SOMERVILLE, P. J., and PRITCHARD and MANFORD, JJ.

MANFORD, Judge.

Appeal from trial court's order denying motion for post-conviction relief pursuant to Rule 27.26.

On this appeal, one point is raised as error, alleging that "The due process clause of the Fourteenth Amendment, United States Constitution, prohibits a defendant being sentenced upon his guilty plea where the plea is obtained by mistake, misunderstanding and unfounded hope."

Appellant cites *State v. Rose,* 440 S.W.2d 441 (Mo.1969) in support of his alleged error. This case is authority for the proposal that post-conviction relief will lie, if and upon the evidence, an accused was misled or under misapprehension at the time he entered his plea of guilty. That case is sound law, but when the principle of that case is weighed against the evidence of the present case, it (*State v. Rose, supra*) fails to be applicable. The evidence herein simply fails to bring the present case within the rule of *State v. Rose, supra.*

On January 20, 1977, appellant entered his plea of guilty to three felony counts. These charges or counts were (1) carrying a concealed weapon, (2) felonious assault upon a police officer and (3) leaving the scene of an accident.

The record reveals the trial court conducted a lengthy inquiry of appellant to ascertain that said guilty pleas were entered into voluntarily. During the course of this hearing, the court inquired what

negotiations had taken place between the prosecution and the defense relative to the recommendation of sentence. The state recommended the maximum 5-year sentence on each count, to run concurrently with no probation. In addition, the state agreed not to file additional charges against appellant relative to an altercation while appellant was detained in the Jackson County Jail. Appellant completed a written guilty plea form. The form included question no. 4, which read as follows:

" 'Has anyone promised you anything in order to to get you to plead guilty?' "

to which appellant, in writing, responded:

" 'Yes. I've been offered three five-year sentences to run together, one dollar to a thousand dollars.' "

The only conclusion which can be drawn from the record is the above-referred to language of "one dollar to a thousand dollars" refers to another question on the form regarding assessment of punishment. Appellant stated to the court he simply entered this answer at the wrong place on the form. Appellant was at all times represented by counsel and had an educational level of two years of college.

After the trial court conducted the lengthy hearing as to the voluntariness of the guilty pleas, the court entered 5-year sentences, to run concurrently, on each of the three counts.

On June 21, 1978, appellant filed his motion for post-conviction relief pursuant to Rule 27.26, alleging he was misled into pleading guilty on the assumption he would be paroled by Missouri authorities, thus enabling him to respond to a detainer from the state of Kansas for parole violation. In other words, appellant, in his motion, claims he pleaded guilty under the thought he would be paroled, thus enabling him to be returned to Kansas Authorities, and while satisfying the charges under Kansas law, he would satisfy the sentence of the Missouri trial for the three felony convictions. The only reference to this allegation is the sub-

jective conclusion by appellant some 18 months subsequent to his plea of guilty. The conclusion was refuted on the record by testimony of both the prosecuting attorney and trial defense counsel.

Upon appellant's 27.26 motion, a full evidentiary hearing was held and he was represented by counsel.[1] The trial court denied the motion and from that denial, this appeal followed.

Other than the mere allegation by appellant that he was to be paroled on the charges so he could respond to a detainer from the state of Kansas, the record not only completely fails to substantiate appellant's allegations, but reveals exactly what the prosecution agreed to do in exchange for the guilty plea.

During the hearing on the motion pursuant to Rule 27.26, it was alleged the assistant prosecutor promised or guaranteed parole for appellant; that he advised his defense counsel it was only under such terms he would plead guilty to the charges and that he wanted his guilty pleas withdrawn. The assistant prosecutor and defense counsel were present and testified at the 27.26 hearing, and both refuted appellant's contention regarding the additional promise of parole. In addition, the defense counsel testified that at no time did appellant request a withdrawal of his pleas and the record fails to reflect a formal finding for such withdrawal.

The trial court proceeded with meticulous care in enabling the appellant the opportunity to prove his allegations. Except for the purely subjective claim by appellant that such a promise was made, there is not one direct piece of evidence, nor by any possible stretch of the imagination can one infer, that such promise was ever made to appellant.

The record reveals appellant was a well-educated individual, ably represented by counsel; that appellant entered into an agreement with the state relative to his

---

1. While the rule in *Fields v. State*, 572 S.W.2d 477 (Mo.banc 1978) was enunciated subsequent to the case herein, the rule of that case was satisfied in fact by the trial court's actions of a full evidentiary hearing, coupled with findings of facts and conclusions of law.

sentencing and was aware of his actions, and that his actions and choices were, in fact, voluntarily entered into by him.

The mere allegation of appellant on this appeal that his constitutional rights were violated is found to be without merit. The evidence shows that appellant did not enter his pleas of guilty by mistake, misunderstanding or upon unfounded hope. The point raised by appellant is ruled against him.

The order by the trial court denying appellant post-conviction relief pursuant to Rule 27.26 was in all respects proper and that order, for the reasons set forth herein, is affirmed.

All concur.